# W. M. BROOKS, Appellant, v. T. A. ROBERTS et al.

### In Banc, March 15, 1920.

1. **LACHES: Action at Law: Suit to Quiet Title.** Laches is no de-
fense to an action at law. Where the petition and answer are not
set out, but abstracted by appellant, and it is stated in this ab-
stract that laches was interposed by the answer as a defense, but
both this abstract and the statement of respondent also say that
the petition was an ordinary action under the statute to quiet title,
and the record shows the case was tried as one at law, the case
will be so treated on appeal, and the finding of the judge sit-
ting as a jury will be binding, for such a petition states a cause
of action at law, and not in equity.

2. ——: ——: ——: **Taxes.** The mere non-payment of taxes on
land does not show laches.

3. **IDENTITY OF NAME: Identity of Person.** Identity of person
is to be presumed from identity of name. But the presumption
may be overcome by credible evidence. The presumption only
establishes a prima-facie case. The jury, or the court sitting as
a jury, may believe or disbelieve such evidence; if believed, the
presumption fails; if disbelieved, the presumption will authorize
a verdict.

4. ——: ——: **Instruction: Reasonable Doubt.** An instruction
on the presumption of identity of person arising from identity of
name should not require the trier of the facts to find the identity
of person beyond a reasonable doubt, or otherwise ignore the
presumption. The term "reasonable doubt" or similar expressions
have no place in instructions in a civil case.

5. **INSTRUCTION: Erroneous: Given by Court to Itself.** An erro-
neous instruction given by the court sitting as a jury to try the
facts will work a reversal. In such case, the erroneous instruc-
tion in a law case is just as fatal as if the issues had been sub-
mitted to a jury and such instruction had been given to them as
their guide.

6. **CONVEYANCE: Existence of Deed: Presumption: Payment of
Taxes.** In the absence of any record, proof that a deed was made
by the patentee to defendant's ancestor may be made either (1)
by proof of such facts as will raise a presumption that such deed
was made or (2) by direct evidence that such deed was made and

had been lost or destroyed. But the presumption that a deed was made cannot arise from the mere payment of taxes for a period of years, either by such ancestor or his heirs or grantees; but ancient and long possession, coupled with other circumstances, will justify the presumption. Nor will evidence that defendant's ancestor was in possession of a patent, in which he was not named as patentee, aid the presumption that a deed was made by said patentee to him as grantee. And the presumption aside, and no record of a deed or possession of the land being shown, the evidence should show a deed in fact.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge·

REVERSED AND REMANDED.

*Arthur T. Brewster* and *Sam M. Brewster* for appellant.

(1) It was the duty of the court to render judgment in an action under Section 2535 for the party showing the better title. The defendants showing no title and the plaintiff making a prima-facie showing, should have had judgment. Toler v. Edwards, 249 Mo. 161; Maynor v. Land & Timber Co., 236 Mo. 728; Gage v. Cantwell, 191 Mo. 706; Granton v. Holliday-Klotz Co., 189 Mo. 332; Dixon v. Hunter, 204 Mo. 390. (2) Identity of name is identity of person prima-facie. Geer v. Lumber & Mining Co., 134 Mo. 95; State v. Moore, 61 Mo. 279; Gitt v. Watson, 18 Mo. 276; Hoyt v. Davis, 21 Mo. App. 235; Jackson v. Goes, 13 Johns. (N. Y.) 518; Jackson v. King, 5 Cow. (N. Y.) 237. (3) The presumption of a grant is indulged only in favor of an ancient and uninterrupted posssession; and, since it is admitted in this case that the land is wild and uncultivated timber land, there can be no presumption that the patentee and his wife executed a deed to Ward under whom defendants claim. Dessaunier v. Murphy, 27 Mo. 51; Brown v. Oldham, 123 Mo. 631; Glasgow v. Mo. Car & F. Co., 229 Mo. 591, 597; Jackson ex dem. v. Blanshan, 3 Johns (N. Y.) 296; Fletcher v. Fuller, 120 U. S. 534; Elliott on Evidence,

sec. 1332; White v. Loring, 24 Pick. 319; Wigmore on Evidence, secs. 2522, 2515; 1 Jones on Evidence, secs. 75, 76, 76A, and 77.

*R. I. January* for respondents.

(1) No one has a right to require another to come into court and show his title who cannot himself show, at least, a prima-facie title. If defendants' proof goes no further than to show that plaintiff's claim in invalid, it is no concern of plaintiff to know whether or not defendants' title is good. Wheeler v. Reynolds Land Co., 193 Mo. 291; Senter v. Lumber Co., 255 Mo. 601; Skillman v. Clardy, 256 Mo. 323. (2) The facts and circumstances offered in evidence by the defendants, that their father, Martin F. Brigham, had claimed to own the land since 1860; that he had in his possession the patent therefor, with a bundle of deeds, which he said were the title papers for the land; that the patent was issued to John Conner, as entryman; that this patent and the deed from Howard Ward to George E. Young, under whom Martin F. Brigham claimed title, after the destruction of the deed records in 1872, were both on the same day, to-wit, May 20, 1887, refiled for record and recorded in the recorder's office of Reynolds County; that the deed from Ward to Young, was dated in 1859 and first recorded in 1860; that the deed records were destroyed in 1872; that Brigham continued to pay the taxes from 1860 to his death in 1897; that since his death all the original deeds have been lost or destroyed; that John Conner, the patentee, nor any of his heirs, for more than sixty years, have ever set up any claim to the land, would be such circumstances as to lead any court or any person to presume and believe that John Conner, the patentee, prior to the date of the deed from Ward to Young, had executed and delivered a deed to said Ward, which, with the record thereof, had been destroyed with the other deeds Martin F. Brigham had. Glasgow v. Mo. Car & Foundry Co., 229 Mo. 596; Greenleaf on Ev. sec. 17;

Dessaunier v. Murphy, 22 Mo. 95; Brinley v. Forsythe, 69 Mo. 185; Williams v. Mitchell, 112 Mo. 300; Brown v. Old-ham, 123 Mo. 631.    (3)  Title to real estate and the execution and delivery of deeds, like any other fact, may be established by circumstantial evidence, and it is not necessary that the evidence should remove all reasonable doubt—a preponderance of the evidence is sufficient. Brewer v. Cochran, 99 S. W. (Tex.) 1033; Glasgow v. Mo. Car & Foundry Co., 229 Mo. 600.    (4)  It is not necessary that the party claiming the land should be in the actual possession thereof before a court or jury would have the right to presume, from evidence and circumstances, the execution of a deed.    Glasgow v. Mo. Car & Foundry Co., 229 Mo. 596.    (5)  The presumption of identity of persons from identity of name, may be shaken and overcome by the very slightest proof of facts which produce a doubt of identity.    Keyes v. Monroe, 226 Mo. 121; 2 Chamberlayne on Mod. Law of Ev. sec. 1191.

GRAVES, J.—Action to quiet title.  Neither petition nor answer is set out in the record, but the appellant states their contents in his abstract and there is no counter abstract.    For the character of the pleadings we must abide appellant's outline thereof, which reads:

"The petition is in the ordinary form under Section 2535, Revised Statutes 1909, alleging that the plaintiff owns said land, that each of the defendants claim an interest therein, either fee simple or otherwise, and praying the court to try, ascertain and determine the estate, title or interest of the parties thereto.    Defendants, Ellen M. Cook and Emma E. Brigham, filed answer claiming said land, and alleging that the patentee, John Conner, conveyed said land to Howard Ward in 1859, and said deed and the record thereof has been destroyed by fire; that the Conner heirs under whom plaintiff claims title are not heirs of the John Conner who entered said land; and alleging that they and their ancestor, Martin F. Brigham, have been in the constructive possession of said land since 1859, having paid

taxes and exercised ownership over the same for all that time, and that John Conner and his heirs have been guilty of gross laches and should be now barred from maintaining any claim.

"This case was tried before the Circuit Court of Reynolds County, Missouri, on the 27th day of May, 1914, resulting in a judgment in favor of "John Conner, the entryman," from which said judgment both plaintiff and defendants perfected their appeal to this court and said judgment was by this court on June 1, 1917, reversed and remanded to the Circuit Court of Reynolds County (No. 18566; 195 S. W. 1019).

"The case was thereupon tried at the May term, 1918, of the Reynolds County Circuit Court, and at the conclusion thereof was continued by the court until the next term of said court.

"On the 26th day of November, 1918, at the regular November term, 1918, of the Reynolds County Circuit Court, judgment was rendered by the court quieting title in the defendants Ellen M. Cook and Emma E. Brigham to the land sued for, and decreeing that plaintiff has no right, title or interest whatever therein. A certified copy of which judgment is on file in this court."

For the plaintiff the evidence shows: (1) a patent from the U. S. Government to one John Conner of St. Louis County, Missouri, of date of September 1, 1859, which was recorded in Reynolds County, Missouri, May 20, 1887; (2) quit claim deeds from the widow and heirs at law of one John Conner, who died at Metropolis, Illinois, October 7, 1901; (3) the testimony of Ester V. Conner, the widow of the said John Conner, who died at Metropolis, Illinois. This witness testified in substance, that she and John Conner were married in Canton, Iowa, October 15, 1856; that two days after their marriage they moved to Quincy, Illinois, and lived there about three years or a little less; that from there they moved to St. Louis, and lived there five or six years, and then moved to Cincinnati, Ohio, where they remained three years; that from thence they moved

back to St. Louis, and removed from St. Louis to Metropolis in 1868 or 1869.; that whilst her husband was in St. Louis he was steward on a steamboat from St. Louis to New Orleans; that she heard her husband say that lands were cheap in Missouri and that he thought he would buy some; that she never signed any deed to lands in Reynolds County; that she never saw any patent to lands in Missouri, nor did she know of him owning the lands in suit until she saw an advertisement in a St. Louis paper, a short time before this suit; that her husband never kept her informed of his business; that she never knew or heard of Howard Ward of St. Paul, Minnesota, and had she signed a deed prior to 1860 she thought she would remember it; that in 1900 they had a fire and Mr. Conner's papers were all burned; that she was 72 years old and might be in error as to exact dates, and the time that they lived in Quincy, Illinois.

The defendant offered in evidence the same patent. They then offered a quit claim deed from Howard Ward and wife, to George Young, dated August 23, 1859 (seven days prior to patent to Conner), which deed was acknowledged in Ramsey County, Minnesota, and filed for record in Reynolds County, Missouri, May 7, 1860, and again filed for record May 20, 1887, the same day the patent was filed. From Ward to defendants was shown a paper title. To bridge the missing link, and as tending to show facts, which would justify the presumption or a conclusion that Ward had a deed from the patentee, John Conner, the defendants offered oral testimony of parties living in Boston, Massachusetts, and with this the testimony of Ellen M. Cook, defendant. This testimony (depositions in the case) tends to show: (1) that Martin F. Brigham died in Boston, October 17, 1897, testate, leaving as his children, Francis H. Brigham, Ellen M. Cook, and Emma E. Brigham; that at his death Martin F. Brigham had in his possession title deeds to the land in question, including the patent; that they saw the patent from the United States to

John Conner, and that it was signed by President Buchanan, Mrs. Cook says that after the death of her father she saw the title papers aforesaid at the home of Martin F. Brigham, sometime between 1872 and 1875, and at that time again noticed the patent; that in 1904 her brother Francis H. Brigham deeded his interest to her; the evidence also shows that these title papers were put into the possession of Thos. D. Cook, husband of Ellen M. Cook, where they were seen by some of the witnesses, but that there was a fire in the office of Thos. D. Cook, when some of his papers were destroyed, and such title papers have not been seen since. It thus appears that both sides had convenient fires. Conner lost all his papers in a fire and Cook a part of his documents.

Defendant also put in evidence the application of John Conner of St. Louis County to enter the land in question, the date of which is stated to be October 11, 1858. Directories of the City of St. Louis from 1848 to 1867 were also put in evidence, except there is none for the year 1858. The one for 1859 shows the name of John Conner, with his avocation given as a laborer. The one for 1860 shows two men by the name of John Conner, both laborers by avocation. The directory of 1864 shows three men with the name, one as laborer, one as a stone cutter, and one with no avocation stated.

Defendant showed that taxes on this land were paid by Martin F. Brigham for the years of 1897 to 1901, inclusive, and by his estate for 1903 and 1908, and by Emma E. Brigham, one of the defendants, for 1904, 1905, 1906, 1907, 1909, 1910 and 1911. Tax books in evidence showed that Martin F. Brigham had paid taxes for 1886, 1892, 1893, 1894, 1895 and 1896, and it is stated that for some years the books failed to show by whom taxes were paid. Other details will be left to the opinion, under proper assignments of error. Trial was had before the court, and judgment for defendants, and plaintiff has appealed.

I. Whilst the abstract of the answer says that laches was interposed as a defense, both this abstract and the statement of counsel for the defendants say that the petition is an ordinary petition under Section 2535, Revised Statutes 1909. Such a petition would state a cause of action at law, and not in equity. To an action at law laches is no defense. [Kellogg v. Moore, 271 Mo. l. c. 193.]

*Laches.*

The parties seem to have so treated it at the trial, as they introduced no evidence, except the failure to pay taxes by plaintiff and his predecessors in title. It cannot be said that this evidence was introduced for that purpose, but rather to show defendant's claim of title, and plaintiff's non-claim of title. And the mere non-payment of taxes on land would not show laches. The record shows that the case was tried as one at law, and it is such in fact. Each side asked instructions, although the case was tried by the court, without the intervention of the jury. In such case the finding of the trial court is binding here, and if such court has not improperly instructed himself (acting as the jury) the judgment will have to be affirmed. Of the instructions next.

II. In a law case tried before the court, we can but judge the views of the court by the instructions given. In this case, the fourth instruction for defendants reads:

"The court declares the law to be that while identity of name is prima-facie identity of person, it may be shaken by the slightest proof of facts which produce a doubt of identity; and if the court believes and finds from the evidence in this case that there is a reasonable doubt of the John Conner under whom plaintiffs claims title, being the John Conner who entered the land here in suit, then the prima-facie case of identity of person is overcome and the identity of person must be proven like any other fact, and if the court believes and finds from the evidence in this case that there is proof of facts and circumstances to produce a doubt in the mind of the court that the John Conner

*Instruction.*

under whom plaintiff claims title is not the John Conner who entered the land here in litigation, then the mere fact that the ancestor of the grantors of plaintiff was of the same name of the entryman of the land, without other proof of identity, is not sufficient to establish title to the land in plaintiff."

This instruction was objected to by the plaintiff, and exception duly saved to the action of the court in giving it. The giving of it, and other instructions, is assigned as error here.

The plaintiff had deeds from the widow and heirs at law of a John Conner, whom he shows to have lived in St. Louis County (for at that time there had been no separation of the city from the county) at the time John Conner of St. Louis County entered and got a patent to the land in dispute. The patent was in evidence. The defenses were (1) that these parties deeding to plaintiff were not the widow and heirs at law of the patentee, and (2) that the patentee had conveyed to Ward. Identity of name raises the presumption of identity of person without further showing. This presumption may be rebutted by evidence, and the presumption weakened, but the question of identity remains as one for the jury to determine. [Flournoy v. Warden, 17 Mo. 1. c. 439 et seq.] The fact that there were other John Conners in St. Louis County may weaken the presumption, but will not destroy it. [Flournoy v. Warden, supra; Rupert v. Penner, 17 L. R. A. (Neb.) p. 824, note.] The introduction of the patent to John Conner, and the introduction of the deeds from the widow and heirs at law of John Conner, with the proof of the relationship, made a prima-facie case for the plaintiff, because of the doctrine that identity of person will be presumed from identity of name. Defendants could and did offer evidence tending to rebut this presumption, but this made a case for the determination of the trier of the facts under the usual rule of burden of proof and preponderance of evidence. The instruction which we have quoted goes further. This instruction required the trier

*Identity of Name.*

of the facts to find the identity of person beyond a reasonable doubt, or otherwise ignore the presumption. The instruction amounts to that, because it says "and if the court believes and finds from the evidence in this case that there is a reasonable doubt of the John Conner under whom plaintiff .claims title being the John Conner who entered the land here in suit, then the prima-facie case of identity of person is overcome."

As a trier of the facts the court could take the presumption of identity of person from the identity of name, and all the evidence upon the question of identity of person, and from it all determine the question of identity of person, but he should not have viewed the case from an angle fixed for him by this declaration of law. When once the prima-facie case of identity of person was made by the plaintiff, then the credibility of the evidence against it was for the trier of the facts. The court as the trier of the facts could believe or disbelieve such testimony. If he believed it, he would find for defendants. If he disbelieved it, the presumption of identity would authorize a verdict for plaintiff. [Gannon v. Gas Co., 145 Mo. l. c. 514; Quisenberry v. Stewart, 219 S. W. 625.]

Where the court instructs himself as the trier of the facts, an erroneous instruction is just as fatal as if a jury were trying the facts, and the court had given the same instruction. The identity of the person in this case should have been submitted to the trier of the facts under the ordinary and usual instructions as to burden of proof and preponderance of evidence. For this error the case will have to be reversed.

This presumption of identity of person from identity of name was a link in the chain of plaintiff's proof. The weight of this presumption, as well as the weight of plaintiff's other proof was to be weighed by the trier of the facts in the light of all the facts in the case. And as said, the trier of the fact might have disbelieved all of the evidence tending to controvert the presumption of identity of person, in which case the presumption would

authorize a verdict for plaintiff. Nor does the term "reasonable doubt" or similar expressions have any place in civil case instructions.

For this error we reverse and remand this cause, but as the case has been twice here, and there are other questions raised, we think we should (to the end that there may be an end to this litigation) pass upon them as advisory to the court *nisi* upon a retrial.

III. Defendants' answer pleads that there was a deed from the patentee to Ward. This may be proved in two ways, (1) either by proof of such facts as will raise the presumption of such deed having been made,
**Existence of Deed.** or (2) by direct evidence that such deed was made and had been lost or destroyed. We discuss these separately.

Going to the first question. There are no facts to justify the presumption of a deed from the patentee to Ward. The only fact is the payment of taxes by the subsequent grantees of Ward. It would be a novel doctrine to hold that by the mere payment of taxes for a period of years a conveyance would be presumed. Ancient and long possession, when coupled with other circumstances, will justify the presumption of a deed, but in this case there was no ancient or long possession. The admission in the record is to the contrary. There are therefore no facts upon which to predicate the presumption of a deed. [Brown v. Oldham, 123 Mo. l. c. 631; Glasgow v. Mo. Car & Foundry Co., 229 Mo. l. c. 585; Dessaunier v. Murphy, 27 Mo. l. c. 51.] We make this ruling in view of certain other declarations of law given by the court in behalf of the defendant.

We shall not pass upon the sufficiency of the evidence to show, as a fact, that there ever was a deed from the patentee John Conner to Ward. The evidence goes largely toward showing that Ward's subsequent grantees were in possession of the patent, rather than to the fact that there was a deed from John Conner to Ward. Up-

36—281 Mo.

on a new trial this matter can be duly weighed by the trier of the facts. Especially is this true where the matter of a presumption of a deed is eliminated by the fact of there being no ancient, long and continued possession. The evidence should show a deed in fact, and if defendants, upon retrial, fail to show such, then defendants' title fails. It is useless perhaps to add, but we do add, that the facts as to whether or not there ever was (as a fact) a deed from Conner, patentee, to Ward, must be considered under the time-worn rules as to burden of proof and preponderance of the evidence. The defendants aver such a deed. Upon them is the burden of showing that fact, and as we have ruled, exclusive of any presumption of a deed. Whether their evidence will show a deed, the trier of the facts will determine, provided there is sufficient evidence to take that issue to the trier of the facts.

We need not go further. For the error suggested herein the judgment is reversed, and the cause remanded. All concur.