AUTO MONEY CORPORATION, A MISSOURI CORPORATION, AND L. A. PHARRIS AND L. A. PHARRIS, AGENT, APPELLANTS, v. HENRY D. CLARK AND LOU M. CLARK, RESPONDENTS.—153 S. W. (2d) 113.

Kansas City Court of Appeals. May 26, 1941.

*Crawford & Harlan* and *Vance Julian* for appellants.

864

*C. W. Prince* and *Charles E. Hassett* for respondents.

866

SHAIN, P. J.—In this case we are called upon to review an action in replevin instituted in the Justice of Peace Court of Morgan County, Missouri. The subject matter in controversy is set forth in plaintiffs' petition as follows:

"One Blue 1935 Model Plymouth Coach, Motor No. PJ-167586, Serial No. 1064432. Of the value of $250.00. (Two Hundred and Fifty Dollars); that the same is wrongfully detained by the defendant at the county of Morgan County, Missouri; that the same has not been seized under any process, execution or attachment against the property of the plaintiff."

The plaintiff's duly executed and filed bond and writ was duly issued. The writ of replevin was duly executed by taking possession of the Plymouth coach in issue.

Defendants filed answer and counterclaim as follows:

"Come now the defendants and deny each and every allegation in plaintiffs' petition contained.

"Defendants further answering and for their counterclaim state that the automobile to which reference is made in the complaint herein, is and was at all the times hereinafter mentioned, the sole property of defendants; that the co-plaintiff, Auto Money Corporation, is a corporation engaged in money lending. That on the 15th day of February, 1938, said corporation lent to defendants the sum of $250, and required defendants to execute a note and required defendants to secure said note by a chattel mortgage which chattel mortgage furnished the illegal basis for the cause of action asserted by plaintiffs.

"That at the time of the seizure of said automobile by the constable of this Court, at the request and order of the plaintiffs herein, the defendants were entitled to the exclusive possession, use and enjoyment thereof; that the claim of plaintiffs to the right and possession of said automobile set up in its statement herein, is false and malicious, said claim being based upon a chattel mortgage that is utterly void because of usury, interest in excess of eight per cent being exacted in the note secured by said mortgage.

"That said automobile is of the reasonable value of $650.

"That defendants have been damaged by the taking and detention of their said automobile and the humiliation and mental anguish experienced by them as a direct result of said wrongful seizure, in the sum of $1000.

"That the conduct of the plaintiffs was lawless and malicious.

"WHEREFORE, defendants ask judgment for the possession of their said automobile, or for $650, the value thereof, plus damages for detention, humiliation and mental anguish as actual damages, with right of election as by statute provided, and that they have and recover of and from plaintiffs herein their costs incurred and expended.

"That because the acts of the plaintiffs herein were intentional, malicious, wanton and lawless, defendants ask punitive and exemplary damages in the sum of $2500."

Plaintiff made reply as follows:

"Comes now the above named plaintiffs and for their joint and several reply to the answer and counterclaim of defendants, and deny each and every allegation, averment or matter therein contained.

"Further answering, plaintiffs state that on the 12th day of February, 1938, the said plaintiff, Auto Money Corporation, a corporation duly authorized to do business in the State of Missouri and to make money loans, made a loan to defendants, Henry D. Clark and Lou M. Clark, under and by virtue of the Missouri Statutes, Article 8, Chapter 32, R. S. Mo. 1929, as amended in the Laws of 1933, under No. 4982. That among other transactions with plaintiffs, said defendants made, executed and delivered to plaintiffs their note in the sum of $299.04, together with a chattel mortgage of even date upon one 1935 Plymouth coach, as set out and described in plaintiffs' petition.

868

"That said defendants promised and agreed to pay said plaintiffs said $299.04 in monthly installments of $24.92 each, the first installment to be paid on the 15th day of March, 1938, and a like sum thereafter on the 15th day of each month until said $299.04 was fully paid.

"Plaintiffs further state that the said defendants defaulted in the making of the first payment due on the 15th day of March, 1938, and that no payment whatever has been made to the plaintiffs herein by defendants, or anyone for them.

"WHEREFORE, plaintiffs having fully replied, pray that defendants have and receive nothing on their counterclaim filed herein and that plaintiffs have and recover judgment according to their petition.

"Count Two

"Comes now the above named plaintiffs and for their joint and several reply to the answer and counterclaim of defendants, deny each and every allegation, averment or matter therein contained.

"WHEREFORE, plaintiffs having fully replied, pray that defendants have and receive nothing on their counterclaim filed herein and that plaintiffs have and recover judgment according to their petition."

The verdict and judgment was for defendants in the Justice of Peace Court. The plaintiffs duly appealed to the circuit court and on change of venue, cause was sent to Henry County, Missouri, and was tried in the circuit court of Henry County, Missouri, on the first day of the May Term, 1939, of said court.

Trial was by jury and jury verdict was as follows:

"We, the jury, find for the plaintiff, Auto Money Corporation, and we further find that the plaintiff was entitled to the possession of the 1935 Model Plymouth coach of the defendants as described in evidence on April 22, 1938; and we further find for the plaintiff and against the defendants on the counterclaim of defendants for damages. Lee Boyd, Foremen."

Judgment was in accordance with jury verdict. The defendants duly filed motion for new trial and said motion was allowed by the court and from the judgment of the court granting a new trial plaintiffs duly appealed.

We will continue to refer to appellants as plaintiffs and to respondents as defendants.

It appears that the defendants filed in the circuit court a motion in arrest and motion for a new trial.

The record shows entry as follows:

"AND AFTERWARDS, on the eighth day of January, 1940, the same being during the regular January term, 1940, of said Court, the said motion in arrest of judgment and said motion for a new trial were taken up and submitted to the Court, and having been by the

Court seen and heard and duly considered, the Court made and entered orders sustaining said motions.''

Plaintiffs charge error in court passing upon motion in arrest. As the motion in arrest serves no purpose and the entry concerning same is evidently a mere inadvertence, we rule against plaintiffs on said charge of error.

The plaintiffs charge error in the action of the court granting a new trial. The only ground or reason assigned by the plaintiffs is stated as follows: ''Since under the law and the evidence the judgment was for the right party.'' In conformity with the above alleged reason, the plaintiffs charge error in refusing their offered Instruction B, directing a verdict for plaintiff.

The defendants' motion for a new trial assigned nine alleged reasons: One of which was as follows, to-wit, ''Because the verdict is against the greater weight of the credible evidence.'' The court made a general ruling on the motion for new trial. In other words, the court assigned no specific reason or reasons.

The rule in Missouri regarding the action of the trial court granting a first new trial is so well established that it hardly needs to be stated. However, the question is so pertinent to this review that we quote from Security Bank of Elvins v. National Surety Co., 62 S. W. (2d) l. c. 709, as follows:

''Since the trial court failed to specify any ground upon which it sustained the motion for. a new trial, it will be assumed that the motion was sustained on each and every ground stated therein. [Gray v. City of Hannibal (Mo.), 29 S. W. (2d) 710, 713.] One of the grounds so stated was 'because the verdict is against the evidence and against the weight of the evidence.' Regardless of the seeming weight of the evidence opposed to the action of the trial court in setting aside a verdict of the jury on this ground, we do not interfere as long as there is any substantial evidence to bolster up the trial court's action, and such action will not be reviewed except upon a showing that no verdict in favor of the party to whom the trial was granted would be allowed to stand. [State ex rel. Ry. Co. v. Ellison et al., 268 Mo. 225, 231, 186 S. W. 1075; Guthrie v. Gillespie, 319 Mo. 1137, 1146, 6 S. W. (2d) 886; Hunt v. Iron & Metal Co., 327 Mo. 887, 39 S. W. (2d) 369; Bowers v. Public Service Co., 328 Mo. 770, 778, 41 S. W. (2d) 810.]''

Based upon the law as above set forth, our review of this case resolves itself down to one question and that question is as to whether or not the trial court should have instructed the jury to bring in a verdict for plaintiffs.

In the consideration of the above question, we are narrowed down to one question. If there is no showing in the record before us that raises an issue as to usury, then a directed verdict should have been given for plaintiffs.

The plaintiffs in the brief filed herein set forth a recapitulated statement of the loan as follows:

```
"Loan  ........................................$250.00
Int. Loaned ....................................   20.00
Int. on 20.00 ..................................    1.60
Haz. chg. loaned ...............................   20.00
Int. on 20.00 haz. chg. ........................    1.60
Credit look up 1.00 per 50.00
Loan  .........................................    6.00
                                                  _____
Note  ........................................$299.20"
```

The note in question reads as follows:
"NOTE"

"$299.04                                    No. MF-517
                                      "February 12, 1938.

"For value received, the undersigned promises to pay to the order of AUTO MONEY CORPORATION, at its office in Sedalia, Missouri, the amount of Two Hundred Ninety-nine and 04/100 Dollars ($299.04), payable in installments as follows: $24.92 on March 15, 1938, and $24.92 on the 15th day of each month, with final payment due February 12, 1939, with interest after maturity at the rate of eight per cent (8%) per annum until paid, together with costs of collection and a reasonable attorney's fee, if placed in the hands of an attorney for collection. If any installment on this note is not paid when due, at the time and place specified herein, then in such event, all of the installments together with any charge, assessment, interest, taxes, insurance or any other amount specified in the mortgage and referred to hereinafter, shall immediately become due and payable at the option of the legal holder thereof, whether by transfer, assignment, or whatever manner, without notice or demand, all parties to this note, the signers, and endorsers (if any) each waive demand, notice and protest of said note and severally agree that the same may be extended or renewed without notice and without release of any of them. The maker reserves the option to deliver and convey the motor vehicle securing this note regardless of condition, in satisfaction of any balance due thereon. This note is secured by chattel mortgage."

The above recapitulation shows the items and amounts making face value of $299.04.

The plaintiffs urged that the loan as tabulated above is in full accord with provisions of what is now section 5914, article 8, chapter 33, Revised Statutes of Missouri 1939, and is not therefore usury.

The salutary admonition as to the rightful dividing of the law must be adhered to and the principle of construing the law so as to harmonize the law must be heeded. The law as to legal interest rate is not abolished, nor is the rule as to computation, either as to straight loans or installment loans, abolished by the enactment of article 8,

Revised Statutes of Missouri 1939, and section 5421, *supra*, must be construed so as to harmonize with rather than to nullify the law of fixed interest rate.

The term usury is of ancient origin and was a current word before Christ drove the money changers from the temple, and had a definite and somewhat unsavory meaning when Portia thwarted the design of Shylock. The courts of this country have given much time and thought in figuring out and exposing many subterfuges concocted by the designing to evade usury laws.

The plaintiffs herein seek to justify the recapitulation of items, *supra,* by reference to language in section 5421, by segregating words in the section as follows: "and no such transaction shall in any way be construed to effect the rate of interest on such loan, nor to constitute a violation of any other law."

A consideration of Section 5421, from the standpoint of paragraph divisions as to subject-matter, reveals the fallacy of plaintiffs' position. The subject-matter of the section is "Powers of Loan Companies relative to charges on loans." The section contains four provisions: First, power to lend; Second; power as to sale of loans; Third, power to charge one dollar on each fifty dollars loaned for examination or investigation and drawing and execution of necessary papers; Fourth, power to charge $20 for extra hazard.

The quotation, *supra,* is taken out of the second, or selling, subdivision. The words quoted above end with a comma and directly thereafter read as follows: "conditioned that there be compliance with the limitations thereon in this section."

One of the provisions mentioned in this subdivision of the section provides that the loan made, and being sold by the investment company, shall not be for a greater amount than actual proceeds of the loan, plus interest either taken in advance, or discount not to exceed the *lawful* rate of interest plus charges permitted under subdivisions three and four.

Subdivision three, as to the charge of one dollar for each fifty dollars, has been construed to mean that the charge is permitted only when expenses referred to have been incurred in good faith. [Discount Corporation v. Mitchell, 216 Mo. App. 100, 261 S. W. 743.]

The note in question is a monthly payment installment note. The plaintiffs own tabulation shows that interest is included on actual amount of loan, $250, regardless of monthly payment, for the full term of one year and further shows that interest is also included and charged on the full annual interest regardless of the fact that the note provides a reduction by payment of $24.92 per month. Further, failure to pay any monthly installment may render the note due.

We are called upon in this case to determine the one question, i. e., did the trial court commit error in granting a new trial? It is not within our province to determine and render judgment on the merits.

Passing on the question before us for review, we conclude that the tabulation presented by plaintiffs presents an issue of usury and that plaintiffs under such showing are not entitled to a directed verdict.

As to the question of the greater weight of the credible evidence, such is a matter that presents itself to the trial court and we must assume that the trial court in passing upon defendants' motion for a new trial did so on the ground that the verdict was against the greater weight of the evidence. It follows that the trial court was not in error.

As this case will probably be retried, we deem it advisable to discuss other matters raised in the briefs. From an examination of the record we conclude that plaintiff takes the position that the loan company is permitted as a matter of course to charge the $1 on every $50 of the loan regardless of any showing that the company actually spent such amount in good faith.

Defendants raise the question based on fact that as the loan was for $25, only $5 charge should have been made. As to this point we conclude that as neither the $1 per $50 or the $20 extra hazard charge was paid, that the loan was augmented so as to justify the charge of $6, if it be shown that same was spent in good faith.

If upon a retrial it is developed that the $6 was not expended for the purpose for which charged, then and in that event any excess charged over the actual expense goes to the question of usury.

As to plaintiffs' assignment three, there is authority to the effect that the burden of proof as to usury must be established beyond a reasonable doubt, by a clear preponderance of evidence. However, Missouri follows a more liberal rule and the only cases applying a harsher term than preponderance in civil cases have been overruled.

The term ''reasonable doubt'' and other similar expressions have no place in civil case instructions. [Brooks v. Roberts, 281 Mo. 557, 220 S. W. 11, 14.]

Judgment granting new trial affirmed. All concur.