Edward S. McINTOSH and Rosalie McIntosh, Appellants,

v.

The EAGLE FIRE COMPANY OF NEW YORK, a Corporation, Appellee.

No. 17359.

United States Court of Appeals Eighth Circuit.

Dec. 11, 1963.

Frank J. Lane, Jr., St. Louis, Mo., made argument for the appellant and Samuel J. Goldenhersh; Goldenhersh, Goldenhersh, Fredericks, Newman & Lane, St. Louis, Mo., were with him on the brief.

J. H. Cunningham, Jr., of Willson, Cunningham & McClellan, St. Louis, Mo., made argument for appellee and filed brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, DAVIES, District Judge.

RONALD N. DAVIES, District Judge.

This case is before us on appeal from the United States District Court for the Eastern District of Missouri in which judgment was entered for the Defendant, The Eagle Fire Company of New York, after trial to a jury in an action in which Edward S. McIntosh and Rosalie, his wife, sought to recover damages from the Defendant by reason of a fire loss sustained December 29, 1961, in St. Louis County, Missouri. Jurisdiction is grounded on diversity of citizenship and the requisite amount in controversy.

The Plaintiffs do not contest the sufficiency of the evidence to support the verdict but contend that the Trial Court erred in three respects.

Defendant was permitted to introduce evidence of Plaintiff, Edward S. McIntosh's business income and both Plaintiffs' income tax returns for the three years immediately preceding the fire. Plaintiffs objected on the grounds that the evidence was irrelevant, too remote and highly prejudicial, since it had already been shown that Edward S. McIntosh had been previously convicted of knowingly and intentionally defrauding the Government with respect to income taxes for the year 1954. It also had been established that he had been sentenced for three different offenses involving the Dyer Act.

When the affirmative defense of incendiarism is based upon circumstantial evidence, as it generally is, the scope of admissibility of evidence must necessarily be broad. Where evidence has probative value on a material controverted issue and is otherwise admissible therein but would be improper for other purposes or other issues in the case, it should be received. The adverse party then has the right to an instruction, should he request it, limiting the extent to which and the purpose for which the jury may consider such evidence. Nuck-ols v. Andrews Investment Company, Mo., 364 S.W.2d 128; Turner v. Caldwell, Mo., 349 S.W.2d 493; Wood v. St. Louis Public Service Company, 362 Mo. 1103, 246 S.W. 2d 807. We think the evidence was properly admissible in the posture of this case. Motive was an issue, and the evidence was not of such a prejudicial nature as to constitute error.

At the conclusion of the Defendant's case, portions of sworn question and answer statements which had previously been given by the Plaintiffs were offered. Over objection, Defendant's counsel was permitted to read to the jury certain questions and answers from the statements which could have been considered as admissions against the interests of the Plaintiffs.

Sworn statements are clearly admissible as an admission of a party against interest, and as such, it is immaterial whether or not the witness was able to testify or had testified in the action. Brown v. Kroger Company, Mo., 344 S.W.2d 80; Brown v. Kroger Company, Mo.App., 358 S.W.2d 429; 31 C.J.S. Evidence § 308b. Moreover, it should be noted there is an additional reason that Plaintiffs' contention lacks merit. There has been a complete failure to demonstrate that any prejudice could or did result from the reading into evidence any particular portions of the statements. Nuckols v. Andrews Investment Company, Mo.App., 364 S.W.2d 128.

The Trial Court, among other things, charged the jury that:

> "The Court instructs the jury that while the burden of proof is upon the defendant to establish that plaintiff Edward S. McIntosh intentionally set the fire mentioned in the evidence, nevertheless you are instructed that this fact does not need to be established beyond a reasonable doubt, but it is sufficient that it be established by the greater weight of the credible evidence."

The Plaintiffs contend that by giving this instruction the Trial Court unnecessarily emphasized the burden of

proof in such a way as to constitute an improper comment upon the evidence.

■ There is support for the proposition that the term "reasonable doubt" and other similar expressions have no place in civil instructions. Brooks v. Roberts, 281 Mo. 551, 220 S.W. 11; Auto Money Corporation v. Clark, 236 Mo. App. 862, 153 S.W.2d 113; but where the instruction does not misstate the law, Eisenbarth v. Powell Bros. Truck Lines, Mo., 161 S.W.2d 263, and consideration is given to the charge as a whole, we do not believe that the burden of proof was so misplaced or overemphasized that the jury was misled or the Plaintiffs' right to a fair trial prejudiced.

It is basic that the charge to a jury must be considered as a whole. We have examined the Trial Court's instructions to the jury and find that they fairly and adequately stated the applicable law.

Finding no error, the judgment is

Affirmed.