Jerry B. HALFORD, Appellant,

v.

AMERICAN PREFERRED INS., et al., Respondents.

No. 49835.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1985.

Kenneth G. Gibbar, Cape Girardeau, for appellant.

Albert M. Spradling, Cape Girardeau, for respondents.

REINHARD, Judge.

Plaintiff appeals the dismissal of Counts I, II, and IV of his four Count petition for damages against defendants. We affirm.

Plaintiff's home was destroyed by fire on May 27, 1982, and he filed a claim with defendants American Preferred Insurance Company and American States Insurance (Insurance Companies) for the full amount of his homeowner's insurance coverage: $60,000 damage to his dwelling; $30,000 damage to his personal property; and $18,-000 for loss of use. The insurance companies refused to pay the claim, alleging that the fire was a result of arson committed by plaintiff or others in concert with him. Plaintiff sued the insurance companies in New Madrid County Circuit Court, seeking full recovery under the insurance contract and damages for vexatious refusal to pay the loss under § 375.420, RSMo.1978. At the close of all the evidence, the court directed a verdict in favor of the insurance companies on the issue of vexatious refusal to pay the claim and attorney's fees. The jury returned a verdict in favor of plaintiff for $72,801.54 on the insurance contract, and judgment was entered accordingly. Neither party appealed and the judgment was satisfied.

On December 5, 1984, plaintiff filed a four count petition in Cape Girardeau County Circuit Court naming the insurance companies as defendants. The insurance companies filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted and an exhibit containing the certified records of the New Madrid County Circuit Court proceedings. Plaintiff was granted leave to file an amended petition and to add Billy Ray Bolen, a claim agent for American States Insurance, as a defendant.

Plaintiff's amended petition, filed on February 15, 1985, also contained four counts. The first count alleged in pertinent part:

\* \* \* \* \* \*

3. ... the Defendants negligently, carelessly, willfully, wantonly, fraudulently, and with malicious conduct denied Plaintiff's proof of loss and refused and failed to pay Plaintiff for his damages as stated in the contract, ...

4. The Defendants carelessly and negligently failed and refused to reasonably, fairly, and adequately investigate Plaintiff's proof of loss and claim ...

\* \* \* \* \* \*

10. Plaintiff further states that the aforesaid acts of negligence and carelessness were wrongful, intentional, fraudulent, and malicious and were done with a conscious disregard for the Plaintiff, and that said acts were done solely to defraud and deprive the plaintiff of the benefits of his contract and for the purpose of placing the Plaintiff into an embarrassing and compromising position; to force Plaintiff to settle and compromise his claim for less than his actual damages, and as a result thereof, Defendants should be required to pay Plain-

tiff, in addition to the actual damages, punitive damages.

Count II alleged in pertinent part:

\* \* \* \* \* \*

2. ... that the Defendants, by and through their officers, agents, employees, and attorneys, made a concerted and malicious effort to damage, destroy, interfere with, and interrupt the business and financial associations of the Plaintiff by unreasonably making an extensive investigation into the financial affairs and records of the Plaintiff, and the Defendants, through their officers, agents, employees, and attorneys, interviewed, contacted, and communicated with the business and financial associates, contacts, and associations and in particular with creditors of the Plaintiff and his financial backers; that the said financial investigation was made to cause financial and business embarrassment, to interfere with and interrupt the Plaintiff's business, and to harass the Plaintiff; that said extensive financial investigation and prying into Plaintiff's financial records and business associations was unjustified, unreasonable, intentional, fraudulent, and malicious.

Count III alleged slander; Count IV attempted to allege a prima facie tort. All of the allegations referred to acts which occurred prior to judgment in the first suit. On February 25, 1985, the defendants renewed their motion to dismiss, which was treated as a motion for summary judgment. Rule 55.27(a). On March 5, 1985, the court dismissed Counts I, II, and IV. Count III, alleging slander, was not dismissed and is not an issue on appeal. The judgment on the three dismissed Counts was deemed final by the trial judge pursuant to Rule 81.06. Notice of Appeal was filed on March 14, 1985.

■ Before we reach the issues presented by plaintiff, we must consider whether we have jurisdiction in this case. Although neither party raises the issue, we have a duty to determine *sua sponte* whether a final appealable judgment was rendered by the trial court. *Payan v. Heise*, 688 S.W.2d 403, 404 (Mo.App.1985). The trial court's designation of the summary judgment as final under Rule 81.06 is not conclusive; it is only effective if the claim adjudged constitutes a distinct judicial unit and the disposition terminates the action with respect to the claim adjudged. *Wirthlin v. Wirthlin*, 662 S.W.2d 571, 572 (Mo.App.1983). Counts I, II and IV in plaintiff's petition do comprise such a unit. The issues in those three Counts are distinct from those raised in Count III, which alleges slander and is only tangentially related to the handling of the insurance claim. The trial court judgment was therefore final with respect to the dismissed Counts.

■ On appeal, plaintiff contends that the trial court erred in dismissing Counts I, II, and IV, in that each states a cause of action. We note first that in ruling on a motion for summary judgment, the trial court and the appellate courts must scrutinize the evidentiary record in the light most favorable to the party against whom the motion was filed and judgment was entered, and accord to that party the benefit of every doubt. *Eugene Alper Construction v. Joe Garavelli's, Inc.*, 655 S.W.2d 132, 135 (Mo.App.1983). Summary judgment is proper only when the court determines that there are no material issues of fact and that the movants are entitled to judgment as a matter of law. *Id.*

■ The tort claims set forth in Count I have been preempted by § 375.420.[1] In

1. § 375.420 states that:

In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the

evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of loss in excess of fifteen hundred dollars and a rea-

*Duncan v. Andrew County Mutual Insurance Company*, 665 S.W.2d 13, 19 (Mo. App.1983), the Western District Court of Appeals reiterated that:

> Section 375.420, RSMo 1978, enacted by the General Assembly of this state is the linchpin for subscribing to the theory of preemption as it provides a statutory procedural remedy in favor of insureds for redress of abuses by insurers in disposing of first party claims under policies of property and related insurance. It is a clear expression of public policy on the subject vitiating any need for extending the tort of bad faith to first party claims. To hold otherwise, would, for all practical purposes, constitute a repeal of § 375.420, supra, by judicial fiat due to the broader vista of damages envisioned under the tort of bad faith.

A holding that this statute preempts the tort of bad faith certainly would prevent a claim for negligence covering the same matter and dismissal of Count I was proper.

█ Count II alleged tortious interference with plaintiff's business through an investigation of plaintiff's financial condition conducted by defendants prior to the New Madrid County trial. Defendants argue that they had a right to obtain such information in connection with their defense of incendiarism. In the New Madrid County proceedings, the insurance companies propounded interrogatories asking for copies of plaintiff's personal and corporate income tax returns for 1978–1981 and detailed information regarding all loans outstanding on the date of the fire and all subsequent loans, including the names of the creditors. Plaintiff sought a protective order which was denied by the court. The information was found by the court to be relevant to the question of motive to commit arson. Information regarding plaintiff's financial condition is admissible in

fire insurance cases involving the defense of incendiarism. *McIntosh v. Eagle Fire Company of New York*, 325 F.2d 99, 100 (8th Cir.1963); see, also, 6A C.J.S. *Arson* § 41c (1975). Thus the defendants had a right to conduct an investigation into those matters. However, assuming arguendo that plaintiff's contentions are correct, we find that § 375.420 preempts the tort claim set forth in Count II. Although phrased in terms of tortious interference with business, the allegations in Count II derive from the insurance companies' investigation of plaintiff's insurance claim. The scope and purpose of an insurance claim investigation is an important consideration in determining whether or not a refusal to pay an insurance claim is reasonable. If, as plaintiff claims, the insurance companies failed to conduct a good faith investigation designed to ascertain the merits of plaintiff's insurance claim, then plaintiff had a cause of action under § 375.420 and no independent tort action lies. Therefore, dismissal of Count II was also proper.

█ Count IV attempted to allege a prima facie tort and was dismissed by the trial court. In *Bandag of Springfield, Inc. v. Bandag, Inc.*, 662 S.W.2d 546, 552 (Mo. App.1983) it was held that if plaintiff's evidence established an existing, well-defined nominate tort cause of action, then plaintiff could not recover under the prima facia tort doctrine. A close reading of plaintiff's petition reveals that in Count IV he restates the allegations of Counts I and II, claiming that "certain acts" of defendants were intentional. This places the allegations of Count IV within the domain of the tort of bad faith. Further, as previously noted, § 375.420 preempts an independent bad faith tort cause of action; it should preempt a bad faith tort claim disguised in terms of prima facie tort as well. Count IV was properly dismissed.

sonable attorney's fee; and the court shall

enter judgment for the aggregate sum found

The judgment is affirmed.[2]

DOWD, P.J., and CRANDALL, J., concur.

in the verdict.

**2.** We need not determine whether the related doctrines of res judicata, collateral estoppel, and splitting a cause of action would bar plaintiff's claims. However, *see, Burke v. Doerflinger*, 663 S.W.2d 405, 407–408 (Mo.App.1983); *Dreckshage v. Community Federal Savings & Loan*, 641 S.W.2d 831 (Mo.App.1982); *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979).