**H.P. Gary SPRENGER, General Partner in the limited partnership d/b/a St. Francois Center, Respondent,**

v.

**Nick MANIKATOS d/b/a Grecian Steak House, Appellant.**

No. 49389.

Missouri Court of Appeals, Eastern District, Southern Division.

Oct. 29, 1985.

V. Kenneth Rohrer, Farmington, for appellant.

Robin E. Fulton, Maurice B. Graham, Schnapp, Graham & Reid, Fredericktown, for respondent.

CRIST, Judge.

Nick Manikatos (tenant) appeals from the trial court's grant of summary judgment to respondent (landlord) on landlord's petition for termination of a restaurant lease, and related injunctive and declaratory relief. We reverse and remand.

Landlord and tenant entered into a lease agreement for a restaurant on November 29, 1973. Landlord agreed to maintain the exterior walls, canopy, roof and gutters. Tenant agreed to keep all other portions of

the premises in good condition. The lease granted landlord "free access to the leased premises during all reasonable hours for the purpose of inspecting the condition of same and to make reasonable repairs...." The lease also provided if tenant failed to keep and perform each and every covenant in the lease, landlord retained the option to terminate the lease.

On January 10, 1982, an automatic fire sprinkler located above the ceiling of tenant's restaurant ruptured. Subsequently, landlord initiated a three count petition against tenant. In Count One, landlord sought to terminate the lease with tenant, based on tenant's alleged failure to allow landlord free access to the leased premises to inspect and repair the fire sprinkler system. In Count Two, landlord sought a preliminary injunction enjoining tenant from interfering with landlord's inspection and repair of the fire sprinkler system. In Count Three, landlord sought a declaratory judgment prohibiting tenant from exercising an option to extend the term of the lease.

On May 25, 1984, the trial court held an evidentiary hearing on landlord's preliminary injunction request. Landlord put on four witnesses and tenant testified in his own behalf. The trial court's order granting the preliminary injunction contained numerous findings of fact, including: 1) there was a controversy as to the ultimate liability for the repair of the sprinkler system; 2) tenant had refused to allow repairs to the system; 3) tenant's refusal was without just cause or excuse; and 4) tenant was in violation of the lease. The order enjoined tenant from interfering with landlord's free access to the leased premises during the pendency of this action, to allow landlord to inspect and repair the sprinkler system.

On August 15, 1984, landlord filed an unverified motion for summary judgment. In this motion, landlord alleged: 1) the parties executed a lease granting tenant the right to renew for three successive periods, subject to tenant's performance of the conditions and covenants of the lease;

2) the lease granted landlord free access to the premises to inspect and make reasonable repairs; 3) landlord was responsible, pursuant to the lease, to keep foundations, exterior walls, roof and gutters in good condition; 4) tenant was responsible, pursuant to the lease, for repair and maintenance of all other portions of the premises, including non-structural interior portions of the premises; 5) assignment of the lease was prohibited without the express written consent of the landlord, and the withdrawal of tenant's partner from the partnership constituted an assignment of the lease; and 6) the trial court's preliminary injunction order showed as a matter of law tenant had not faithfully performed all the conditions and covenants of the lease. Landlord further alleged he had performed all acts required by the lease agreement and was entitled to immediate possession of the leased premises. Landlord stated the transcript of the preliminary injunction hearing established there was no genuine issue as to any material facts.

On September 25, 1984, tenant filed an affidavit in opposition to the motion for summary judgment. In his affidavit, tenant stated: 1) he had not refused landlord reasonable access to the leased premises; 2) withdrawal of his partner did not constitute an assignment of the lease; and 3) he had fulfilled the conditions and covenants of the lease.

On September 27, 1984, landlord's attorney filed an affidavit in support of landlord's motion for summary judgment. In his affidavit, landlord's attorney stated, among other things, tenant was in effect collaterally estopped from relitigating the issue of whether tenant had violated the lease provision allowing landlord free access, based on the findings contained in the trial court's preliminary injunction order of May 25, 1984. On October 26, 1984, the trial court granted summary judgment to landlord, based in part on the findings contained in the preliminary injunction order.

■■■ Summary judgment is a drastic remedy and should only be granted when the prevailing party has shown by unassail-

able proof there is no genuine issue of material fact. *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829 (Mo. App.1984). A genuine issue of material fact exists whenever there is the slightest doubt about the facts. *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777, 780 (Mo. banc 1984). In the present case, summary judgment was improper for two reasons. First, in granting summary judgment, the trial court relied in part on the findings contained in the preliminary injunction order. At the close of the preliminary injunction hearing, however, landlord's attorney stated:

> "What we're asking for is not a final adjudication on the merits. What we're asking for is purely and simply to be able to protect that system, to be able to protect that shopping center...."

Because the other findings contained in the preliminary injunction order were not necessary to the granting of a preliminary injunction, they are not entitled to preclusive effect. *See Bi-State Dev. Agency v. Whelan Security Co.*, 679 S.W.2d 332, 335 (Mo.App.1984). It was therefore improper for the trial court to rely on those findings in granting summary judgment.

■ In addition, on a motion for summary judgment the trial court must review the evidence in the light most favorable to the party against whom the motion was made. *Sands v. James Clinic and Associate, Inc.*, 668 S.W.2d 273, 275 (Mo.App.1984). The trial court may not choose to disbelieve evidence favorable to the tenant. Landlord included the transcript of the preliminary injunction hearing in his motion for summary judgment. At this hearing, tenant testified he never denied landlord reasonable access to the restaurant. Tenant's affidavit in opposition to landlord's motion for summary judgment was of the same tenor. When viewed in the light most favorable to tenant, the record does not support summary judgment in favor of landlord.

Reversed and remanded.

DOWD, P.J., and REINHARD, J., concur.