**SOUTHARD CONSTRUCTION COMPANY, INC., Plaintiff-Respondent,**

v.

**STRUCTURAL SYSTEMS, INC., et al., Defendants-Appellants.**

**No. 50676.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 4, 1986.

Rehearing Denied Sept. 10, 1986.

Donald E. Heck, Clayton, for defendants-appellants.

Martin Schiff, Clayton, for plaintiff-respondent.

KELLY, Judge.

Defendant-appellant, Structural Systems Incorporated, appeals from the judgment of the Circuit Court of St. Louis County granting summary judgment to plaintiff-respondent Southard Construction Company, on Southard's claim for the unpaid balance allegedly due it under a subcontract.

In October of 1977, Structural Systems contracted with Howard and Peggy Price, doing business as Howard's Commercial Turf, to do some asphalt paving work and some construction work at the office of Howard's Commercial Turf at the Spirit of St. Louis Airport in Gumbo, Missouri. In November of 1977, Structural Systems subcontracted the asphalt paving work to Southard Construction Company for $11,-885.00. However, Structural Systems paid only $3,700.00 of the contract price. Southard's action was for the remaining $8,185.00 that it claimed was due under the contract.

Structural Systems, in its answer to Southard's petition, denied generally all allegations in the petition. It then impleaded Howard and Peggy Price as third party defendants, claiming that the Prices had paid only $277,120.86 of the $292,877.00 due it under its contract, leaving a remaining balance allegedly due of $15,756.14. In paragraph five of its third party petition Structural Systems also stated that the Prices failure to pay that balance was based "among other things" on their assertion that the asphalt paving work subcontracted to Southard was done "improper[ly] and not in a good and workmanlike manner." In its answer to Structural Systems' third-party petition, the Prices do contend that "Third-Party plaintiff [Structural Systems, Inc.] has not complied with the conditions, plans and specifications of the agreement" between them and Structural Systems; and that they therefore do not owe the $15,756.14. However, their answer does not specify which part or parts of the work do not comply with the contract requirements. Howard and Peggy Price also filed a counterclaim against Structural Systems alleging damages caused by Structural's failure to complete the work called for under the contract, which allegedly resulted in the Prices being forced to hire another contractor to complete the work.

Following its receipt of Howard and Peggy Price's answer to the third-party petition, Southard requested that Mr. and Mrs. Price admit that: "All of the asphalt paving and improvements performed in your [their] behalf, ..., was furnished and performed in a good and workmanlike manner

free from any defects." Southard further requested that the Prices admit that neither of them "has any complaint or criticism with the quality of the asphalt paving job or any part thereof." In response to Southard's Request for Admission, the Prices stated that, while certain other unspecified work under its contract with Structural Systems was not acceptable, "[a]ll deficiencies in the original asphalt paving work performed by plaintiff Southard Construction Company have been corrected, and the asphaltic work as corrected is satisfactory and of good quality." There is thus no indication in the record that the Prices' alleged failure to pay the full contract price to Structural Systems, under their contract with Structural, was in any way due to any failure by Southard Construction to perform its obligations under its subcontract.

Following receipt of the Prices' answers to its Request for Admissions, Southard made a motion to sever its action against Structural from the third party action between Structural and Howard and Peggy Price. Southard also made a motion for summary judgment against Structural Systems and supported that motion with an affidavit filed by its president and chief operating officer, Jimmie O. Southard. Paragraphs three and four of Mr. Southard's affidavit stated:

3. Plaintiff fully performed all of its obligations under ... [its] contract with defendant [Structural Systems] in a good and workmanlike manner, and the benefits of said asphaltic paving improvements have been accepted by the owners of Howard's Commercial Turf, namely Howard B. and Peggy A. Price.

4. The defendant, Structural Systems, Inc., has paid to plaintiff the sum of Three Thousand Seven Hundred Dollars ($3,700.00) on or about May 15, 1978, in partial satisfaction of aforesaid contract amount, but has failed and refused to pay all or any part of the remaining balance of Eight Thousand One Hundred Eighty-Five Dollars ($8,185.00).

Based on the pleadings, the admissions of Howard and Peggy Price, and this affidavit, the trial court sustained the motion to sever Southard's action from the third-party proceedings, and granted summary judgment to Southard for $8,185.00.

On appeal, Structural Systems contend that Southard failed to timely complete its obligations under the subcontract and argues that because of this it may be required to pay damages to Howard and Peggy Price pursuant to the Prices' counterclaim against it. Therefore, according to Structural Systems contentions, it should not be required to pay the full contract price to Southard and the trial court erred in ordering it to do so. Structural Systems also argues that the trial court erred in declaring its judgment final under Rule 81.06.

In reviewing the granting of a summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the judgment was entered. *Halford v. American Preferred Insurance Company*, 698 S.W.2d 40, 42 [4] (Mo.App.1985); *Gal v. Bishop*, 674 S.W.2d 680, 681 [1] (Mo.App.1984); *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 26–27 [1] (Mo.App.1978). However, "facts set out in affidavits not controverted by opposing affidavits are deemed admitted, even if contrary to pleading allegations." *Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446, 450 [1] (Mo.App. 1984), citing *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 [1] (Mo. banc 1978). The remedy of summary judgment "becomes substantially without utility if a reply pleading be held sufficient to raise a genuine issue as to uncontradicted evidentiary matter; and if the opposing party fails to present depositions, affidavits, etc. showing the existence of a genuine issue of fact he must suffer judgment to be entered against him." *First National Bank of Liberty v. Latimer*, 486 S.W.2d 262, 266 [1] (Mo.1972), citing the Committee Note to Rule 74.04, which deals with summary judgments.

In Jimmie O. Southard's affidavit, he stated that Southard Construction Company had "performed all of its obligations" under its subcontract. The affidavit also stated that Structural Systems had failed to pay $8,185.00 due to Southard under its subcontract with Structural. Since Structural Systems failed to file any counter-affidavit contradicting Mr. Southard's statements, the facts alleged in his affidavit must be deemed admitted. Therefore, as a matter of law Southard Construction Company was entitled to a judgment for $8,185.00. Under Rule 74.04(c), where there is no material fact remaining to be resolved in an action and one party is entitled to prevail as a matter of law, summary judgment must be entered. Therefore, the trial court's entry of judgment for Southard Construction Company in the amount of $8,185.00 was correct.

As to the trial court's designation of its judgment as final, a trial court designation of a summary judgment as final under Rule 81.06 is effective and conclusive "if the claim adjudged constitutes a distinct judicial unit and the disposition terminates the action with respect to the claim adjudged." *Halford v. American Preferred Insurance, supra,* 698 S.W.2d at 42 (Mo. App.1985). Here, if Southard Construction Company performed all of its obligations under its subcontract, and we must accept the fact that it did, then it was owed the balance due under the subcontract. Under the facts deemed admitted, Southard's claim for this remaining balance clearly formed a judicial unit distinct from any claims by Structural Systems or the Prices involving the contract between those parties. Therefore, the trial court was correct in declaring that its judgment was final and not interlocutory.

Finally, we address Southard's contention that pursuant to Rule 84.19, this court should find that Structural Systems' appeal was frivolous and award damages to it as the respondent. We disagree. A respondent is only entitled to damages under Rule 84.19 if he shows bad faith by the appellant in perfecting the appeal. *Richey*

*v. Meter Investments, Inc.,* 680 S.W.2d 381, 384 [9] (Mo.App.1984); *Wissmann v. German Evangelical St. Marcus Congregation of St. Louis,* 612 S.W.2d 138, 141 [4] (Mo.App.1980). Since there is no evidence that this appeal was perfected in bad faith, we find no basis for an assessment of damages under Rule 84.19.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.