**STATE HIGHWAY COMMISSION of Missouri, Appellant,**

v.

**James KEELEY, Defendant,**

**and**

**Pepsi-Cola Bottling Company of St. Louis, Inc., Respondent.**

**No. 51051.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 1986.

Bruce A. Ring, Thomas B. Gilliam, Jefferson City, for appellant.

Joseph H. Mueller, Robyn Greifzu Fox, Moser, Marsale, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for respondent.

CRIST, Judge.

Plaintiff State Highway Commission (Commission) appeals from a grant of summary judgment for defendant Pepsi-Cola Bottling Company (Pepsi) in this tort case, on the ground there was no agency relationship between Pepsi and its employee when the tort was committed. We reverse and remand.

Commission, in its petition, alleged damage was inflicted on its bridge located in Jefferson County, Missouri, by an automobile accident on September 17, 1977, caused by the negligence of defendant Keeley. It was further alleged Keeley was acting as the agent, servant and employee of Pepsi, and at the time of the accident, was within the course and scope of his employment. Pepsi moved for summary judgment, claiming there was no agency relationship between Keeley and itself. This motion, submitted to the court on the pleadings, admissions, answers, interrogatory answers, two affidavits, and a deposition, was sustained on July 25, 1984. Commission appealed and the appeal was dismissed for lack of a final judgment. *State Hwy Comm'n of Missouri v. Keeley,* 696 S.W.2d 865, 867 (Mo.App.1985). Following the dismissal, Commission took a default judgment against Keeley for $1,069,566.70. This default judgment was not appealed.

On or about September 17, 1977, when the accident occurred, Keeley was employed by Pepsi as a maintenance supervisor for production line equipment. In 1971, he had worked for Pepsi as an automobile mechanic; he was not working for Pepsi in that capacity at the time of the accident. The automobile involved in the accident was owned by Pepsi and assigned for business and personal use to Richardson, Pepsi's vice-president and director of operations. Richardson had express authority to delegate others to use, possess and operate the automobile.

On or about September 16, 1977, Richardson released the automobile to Keeley so he could tune it. This was done as a personal favor to Richardson; Keeley was to receive no pay and would be reimbursed for the parts by Richardson, who would, in turn, be reimbursed by Pepsi. Keeley was to return the car as soon as it was tuned. In the past he had tuned the car and returned it the next day. There was no discussion as to whether or not Keeley was authorized to use the car for personal reasons.

The next morning, September 17, 1977, at about 4:30 a.m., Keeley was driving the automobile and collided with Commission's bridge. No facts were alleged showing where Keeley was driving to, where he was driving from, or what was the purpose of the trip on which the accident occurred.

As the moving party, Pepsi had the burden to show, by unassailable proof, there was no genuine issue of material fact; and that the moving party was entitled to judgment as a matter of law to prevail upon its motion for summary judgment. *Sprenger v. Manikatos,* 700 S.W.2d 496, 497–98[1] (Mo.App.1985); *Halford v. American Preferred Ins.,* 698 S.W.2d 40, 42[5] (Mo.App.1985). If there is the slightest doubt concerning the facts, a genuine issue of fact exists and summary judgment is inappropriate. *Olson v. Auto Owners Ins. Co.,* 700 S.W.2d 882, 885[2] (Mo.App. 1985). In determining whether there is a genuine issue as to the facts, the record is viewed in the light most favorable to the party against whom summary judgment was rendered, giving that party the benefit

of all inferences and doubts. *Halford,* 698 S.W.2d at 42[4]. The absence of objective certainty as to the facts preclude a summary judgment as effectively as the presence of controversy as to those facts. *First Nat. Bk., etc. v. South Side National Bank,* 644 S.W.2d 377, 379[5] (Mo.App. 1982).

When the accident occurred, Keeley was employed by Pepsi, and the vehicle operated by Keeley was owned by Pepsi. The presence of these facts creates a presumption Keeley was acting within the scope of his employment. *Wills v. Townes Cadillac-Oldsmobile, Incorporated,* 490 S.W.2d 257, 259–60[2] (Mo.1973); *McCoy v. Hershey Chocolate Co.,* 655 S.W.2d 128, 131 (Mo.App.1983). Upon the appearance of the real facts concerning the issue, the presumption evaporates, and the issue must then be determined on the facts. *Rosser v. Standard Milling Company,* 312 S.W.2d 106, 111 (Mo.1958).

The evidence indicates Keeley was to tune the automobile and return it to Richardson. The question of whether Keeley was authorized to use the car for personal reasons was simply not discussed. No evidence of Keeley's activities at or near the time of the accident was presented. Neither was it shown why he was using the automobile at that hour. While the record does not show a business purpose for the operation of the vehicle at 4:30 in the morning, neither does it show such a purpose did not exist. Without such evidence, the existence or nonexistence of the agency relationship between Keeley and Pepsi remains a matter of speculation; and the presumption of the relationship of agency, created by the fact Keeley was an employee of Pepsi and the automobile was owned by Pepsi, is not destroyed. *Rosser,* 312 S.W.2d at 112.

The summary judgment is reversed and remanded.

DOWD, P.J., and REINHARD, J., concur.