**NEW AGE FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Ella MILLER et al., Appellants.**

**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Robert F. Stanton, Trustee for Community Federal Savings and Loan Association, Defendants,**

v.

**RELIANCE INSURANCE COMPANY, Respondent.**

**No. 54659.**

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 11, 1971.

Charles A. Lee, Jr., Clayton, Rollin J. Moerschel, St. Charles, Adolph K. Schwartz and James M. Byrne, St. Louis, for appellants.

Joseph L. Leritz, Leritz & Leritz, St. Louis, for respondent Reliance Ins. Co.

PRITCHARD, Commissioner.

This case began as a quiet title suit brought by New Age Federal Savings and Loan Association, asking that it be declared to be the owner in fee simple of certain real estate, and also asking for judgment against Firemen's Insurance Company of Newark, New Jersey, for $33,000, which, as pleaded, issued its policy of fire insurance on the property which was destroyed by fire on March 11, 1964 (the date varies according to all the pleadings).

For its claim to title, New Age alleged that in settlement of a lawsuit against it by one Rodger Villery it delivered to him a warranty deed in which Ella Miller was named grantee. It was alleged that Ella Miller was the mother of Rodger Villery, and was the "nominee and straw party" for Rodger and Delores Villery. New Age alleged that before Villery's deed was recorded it was altered as to description (apparently it is alleged that an exception and reservation of a .47-acre tract reserved to New Age was cut off—this is the same .47-acre tract in which Reliance Insurance Company obtained summary judgment that Ella Miller, et al., had no title so as to give them an insurable interest), which was a fraud as to it and caused Ella Miller to hold the property as a trustee ex maleficio for New Age's benefit. Thereafter, it was alleged, Ella Miller obtained a $10,000 loan from Community Federal Savings and Loan Association secured by a deed of trust, and later obtained a second loan for $5,000 from Joseph Ferguson, also secured by a deed of trust. New Age made demand and proof of loss on Firemen's Insurance Company's policy, but has not been paid. New Age in its petition says that it is necessary for the court to declare it to be the owner of the property (about 0.47 acre) and that as owner it is entitled to have its property restored by defendant fire insurance company "and that the interests of the parties hereto be declared and fixed."

Ella Miller and Rodger and Delores Villery filed answer admitting delivery of the deed from New Age, that Ella was a straw party for the Villerys, but denied that the deed was altered prior to recordation. These three parties defendant also filed a counterclaim against New Age and a third-party petition (Count I) against respondent Reliance Insurance Company. The claim of third-party plaintiffs against Reliance is that they are fee owners of the property involved, secured a policy of fire insurance from Reliance for $25,000; that the fire of March 15, 1964 destroyed it,

and after proof of loss Reliance failed to make payment to Ella and the Villerys, who ask judgment on the policy, attorney fees and damages for vexatious delay.

The counterclaim (Count II) against New Age, which also included a third-party petition against defendants Walter A. Younge, L. Simington Curtis, Harry G. Douglas, S. D. Miller, A. C. Phillips, Henry Harding, Julius C. Sherard and Irving A. Williamson (as officers and directors of New Age), set forth that Ella and the Villerys were the owners of the property involved, and were in possession of it (and certain household goods therein) from October 13, 1954 until June 21, 1963. On the latter date New Age, without the three defendants' consent or knowledge, broke into the premises, changed the locks, and deprived them of peaceable enjoyment from June 21, 1963 to the date of the fire, March 13, 1964. $1,900 actual and $50,000 punitive damages were prayed.

Count III of the counterclaim against New Age (and its officers, etc., as third-party defendants) is that while the premises were under the exclusive control of New Age, the dwelling and contents were destroyed by fire, for which Ella and the Villerys prayed damages in the amount of $35,000. Both New Age and the third-party defendants filed replies and amended replies to the counterclaims, generally denying the affirmative matter. New Age also filed an amended petition which was answered.

Reliance filed a motion to dismiss the third-party petition against it, and also filed an amended answer. Reliance also filed interrogatories directed to Delores Villery (Rodger Villery being deceased) and took her deposition and that of Ella Miller. Reliance then filed a motion for summary judgment against third-party plaintiffs (Ella Miller, Delores Villery, and the children of Rodger Villery who were substituted for him). The court sustained that motion on the stated basis that a foreclosure sale and a trustee's deed made and executed by person unnamed in the deed of trust, and who had not secured an appointment as trustee to execute the trust, were void. Hence the trustee's deed to Ella Miller did not pass title and she therefore had no insurable interest as to Reliance.

The issues were made up as between New Age and the defendants Firemen's Insurance Company, Ella Miller, Delores Villery et al., on New Age's amended petition and the counterclaims. New Age also filed requests for admissions directed to all defendants, and filed answers to interrogatories of Ella Miller and Delores Villery, who also filed a motion for production of documents by New Age.

It is apparent that New Age's amended petition, the counterclaims and third-party petitions involve issues concerning title to the same property which Reliance successfully maintained was not owned by Ella Miller so as to give her an insurable interest. The motion for summary judgment which was granted Reliance disposed only of the claims of third-party plaintiffs, Ella Miller, Delores Villery, the minor Villery children and Community Federal Savings and Loan Association. The court did not purport to adjudge the rights of all other parties, and whether New Age in fact had title to the same property so as to give it an insurable interest therein for its claim against Firemen's Insurance Company. So far as shown by this record, their claims are still pending. The title is not adjudged as to all the parties. There was no specific designation by the court that the judgment obtained by Reliance was final for the purpose of appeal, and no order was made for separate trial of the issues among other parties, under Civil Rule 82.-06, V.A.M.R.

Under the rule it has long been held that a final appealable judgment is one which disposes of all parties and all issues in the case. Title Insurance Corp. of St. Louis v. United States, Mo.App., 432 S.W.2d 787; Elliott v. Harris, Mo., 423 S.W.2d 831; Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d

377. The only exceptions are where the court has ordered separate trials of issues, or has designated the judgment or order entered final for purposes of appeal, Goforth v. Goforth, Mo.App., 301 S.W.2d 877, no such orders being here made. It follows that the appeal is premature.

The appeal is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.