W. L. REEVES and Juanita Reeves, Plaintiffs-Appellants,

v.

Gary L. SMITH and John Dennis, Defendants-Respondents.

No. 12413.

Missouri Court of Appeals, Southern District, Division Three.

Sept. 3, 1981.

H. Max Hilfiker, Malden, for plaintiffs-appellants.

James M. Hux, Hux & Green, Sikeston, Elvis A. Mooney, Bloomfield, for defendant-respondent John Dennis.

Briney, Welborn & Spain, P. C., Bloomfield, for defendant-respondent Gary L. Smith.

BILLINGS, Presiding Judge.

Plaintiffs W. L. Reeves and Juanita Reeves filed a four-count petition against defendants Gary L. Smith and John Dennis, alleging they were jointly and severally liable for fraud. Actual and punitive damages were sought. The trial court granted the motion of defendant Dennis for summary judgment and plaintiffs filed this appeal. Defendant Dennis has moved to dismiss the appeal, contending the order of court did not constitute a final appealable judgment. We agree and dismiss the appeal.

The trial court's order did not purport to adjudge the rights of all the parties and did not specifically designate it as a final judgment for purposes of appeal, and no order was made for separate trial of issues among the parties. The rule has long been that a final appealable judgment is one which disposes of all parties and issues in the case. The only exceptions are where the court has ordered separate trial of issues or has designated the judgment or order entered final for purposes of appeal. *New Age Federal Savings and Loan Ass'n v. Miller*, 461 S.W.2d 876 (Mo.1970).

In *Hill v. Boles*, 583 S.W.2d 141 (Mo.banc 1979), plaintiff sued a doctor and a hospital for negligent care and treatment. Summary judgment was entered in favor of the hospital. No appeal was taken and trial was had against the doctor. On appeal the hospital contended the summary judgment was a final judgment from which plaintiff was required to perfect his appeal within 10 days after entry of the summary judgment. Our supreme court ruled to the contrary, noting "[A]n appeal must be from a final judgment (with specified exceptions), the trial court must have disposed of all issues and all parties. This requirement that all issues and all parties have been disposed of is for the purpose of avoiding piecemeal presentation of cases on appeal, except where specifically so authorized. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889[2, 3] (Mo.banc 1977)."

The appeal is premature and is dismissed.

All concur.