Kenneth J. GREENING, Mary Sue Greening, and Ford Lane Executive Center, Inc., Appellants,

v.

Marvin KLAMEN, and Klamen, Summers and Compton, Respondents.

No. 48179.

Missouri Court of Appeals, Eastern District, Division Seven.

Dec. 18, 1984.

Mark Belz, Clayton, for appellants.

Lawrence B. Grebel, Kevin C. Roberts, St. Louis, for respondents.

WILLIAM F. MAUER, Special Judge.

This case is on appeal for the second time. The basic facts in this case can be found in this court's first opinion, *Greening v. Klamen*, 652 S.W.2d 730 (Mo.App. 1983). The subsequent procedural facts leading to this appeal, which we have borrowed from the parties' briefs, are as follows:

Appellants previously filed an amended petition with eight counts based in part on breach of contract, libel and negligence. On December 4, 1980, the trial court dismissed all eight counts of this amended petition. The plaintiffs appealed, and on May 10, 1983, this court affirmed the trial court's dismissal as to all counts except Counts I and III which alleged causes of action for breach of contract.

On remand, the respondents filed motions for more definite statement as to the two remaining counts of the petition. On August 5, 1983, the trial court sustained respondent Marvin Klamen's motion for more definite statement and granted appellants ten days to file their amended petition. Appellants filed their second amended petition which contained six counts. This petition included the two original counts for breach of contract and also sought to replead the four counts that had previously been dismissed.

Respondents moved to dismiss Counts III, IV, V and VI contending that these counts had previously been dismissed by the trial court and affirmed on appeal by this court. The trial court granted this motion to dismiss, holding that this court's opinion in the first case as cited above was res judicata. Counts I and II of appellant's second amended petition, which are the original breach of contract claims, still remain and are not involved in this appeal.

This appeal does not involve any of the categories reserved for exclusive appel-

late jurisdiction of the Supreme Court of Missouri and jurisdiction, therefore, lies with the Missouri Court of Appeals, Eastern District. Mo. Const. Art. 5, § 3.

The issue in this case is whether or not the trial court's order dismissing four counts of a six count petition and designating such order as "final and appealable", is indeed ripe for appeal. This court's answer is no and we dismiss the appeal.

Section 512.020, RSMo. 1978 provides that an aggrieved party may take an appeal from any final judgment in the case. The requirement of finality is jurisdictional and may not be waived. The appellate court has a duty to determine *sua sponte* whether the trial court has rendered a final, appealable judgment. The appeal must be dismissed whenever the finality requirement is lacking. *Haley v. City of Linn Creek*, 583 S.W.2d 590, 591 (Mo.App. 1979).

A final appealable judgment is one which disposes of all parties and issues in the case; the only exceptions are where the court has ordered a separate trial of issues or has designated the judgment or order entered final for purposes of appeal. *Reeves v. Smith*, 621 S.W.2d 534 (Mo.App. 1981). A judgment entered in one count of a petition is not final if there has been no disposition of the remaining counts. *Anderson v. Metcalf*, 300 S.W.2d 377, 378 (Mo.1957).

In *State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 331 (Mo.1973), an appeal was taken from an order that included the following sentence:

This order is designated as a final order for the purpose of appeal."

The Missouri Supreme Court held that the appeals court must determine finality and that the trial court's designation of an order as appealable did not make it so. *Id.* at 332.

In order to be appealable, an order or judgment must be final. § 512.020, RSMo. 1978. While Missouri case authority defines finality as disposition of all parties and issues in the case, there are lines of seemingly contradictory cases. *New Age Federal Savings and Loan Association v. Miller*, 461 S.W.2d 876 (Mo.1970) and similar cases hold that the trial court's designation of an order or judgment as final and appealable is an exception to the final judgment rule. *Id.* at 879. The *Armacost Motors* cases look beyond the trial court's designation and grant the appellate courts the power to determine *sua sponte* if necessary, the issues of finality.

This court is mindful of the fact that Rule 81.06 provides as follows "... However, when a separate trial is had before the Court without a jury of an entirely separate and independent claim unrelated to any other claim stated or joined in the case, then judgment entered shall be deemed final for purposes of appeal within the meaning of Section 512.020, R.S.Mo unless the Court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined." The trial court has the authority, pursuant to Rule 81.06, to designate a judgment final and appealable when a separate non-jury trial is had on an entirely separate and independent claim unrelated to any other claims stated or joined in the case. The test is one of dependency. So long as the remaining claims are not "dependent" in any respect upon the outcome of or final disposition of the judgment rendered, the judgment is final without need for the trial court to so designate. *Luecke v. Missouri Department of Conservation*, 674 S.W.2d 691, 692 (Mo.App.1984). In this case, all of the counts arose from the same transaction. The dismissed counts based on negligence are "dependent" on the contract claim[1] and therefore under the *Armacost* line of cases and the Supreme Court Rule,

---

1. The contract was for legal services during a bankruptcy proceeding. The negligence charge concerned legal malpractice.

the remaining counts may not be deemed final for this appeal.

This appeal, accordingly, is hereby dismissed.

KAROHL, P.J., and DONALD E. DALTON, Special Judge, concur.