Brandy **PAYAN**, a minor, By and Through her Next Friend, Sandra PAYAN, and Sandra Payan, Individually, Plaintiffs-Appellants,

v.

Robin **HEISE**, M.D., and Carolyn Seimers (Martin), et al., Defendants-Respondents.

No. 48889.

Missouri Court of Appeals, Eastern District, Division One.

March 26, 1985.

Leonard P. Cervantes, St. Louis, for plaintiffs-appellants.

Parks G. Carpenter, St. Louis, for defendants-respondents.

KAROHL, Judge.

Plaintiff Brandy Payan, a minor, by and through her Next Friend, Sandra Payan, her natural mother, sued defendants St. Louis County Department of Health and Medical Care; E.O. Rutledge, its director; St. Louis County; Dr. Robin Heise, the treating physician; and Dr. Carolyn Seim-ers (Martin), Chief of Service of Obstetrics and Gynecology at St. Louis County Hospital, for damages alleged to have been suffered by Brandy Payan during her delivery as a result of negligence of defendants. Sandra Payan also seeks damages for personal injuries and medical expenses resulting from the same acts of negligence. Defendant Seimers' motion for summary judgment was granted and designated as a final and appealable order from which plaintiffs have appealed.

Although the finality of judgment has not been questioned by any party to this appeal, we have a duty to inquire and determine sua sponte whether a final appealable judgment has been rendered by the trial court. *Chura v. Bank of Bourbon*, 674 S.W.2d 675, 678 (Mo.App.1984). The trial court designated the summary judgment order final and appealable, but this designation is not conclusive. *Shell v. Shell*, 605 S.W.2d 185, 189 (Mo.App.1980). Whether a judgment is final and appealable is not determined by the name applied but by what is actually done according to the content, substance and effect of the order entered. *Id.* "The right of appeal is statutory, [citation omitted], and the appeal may be taken only from a final judgment. § 512.020. [RSMo 1978]" *Klippel v. Watkins*, 667 S.W.2d 28, 30 (Mo.App.1984). The circumstances of each case control, but the general tenure of the authorities is consistent. The designation of a partial judgment by the trial court is effective only if the claims and parties separated and the result adjudged constitutes an independent unit which finally disposes of the claims and the parties within the unit. Rule 81.06; *Shell*, 605 S.W.2d at 191. The present partial judgment does not accomplish this and therefore fails for lack of finality.

The instant action arose out of the same alleged negligence of all defendants with Dr. Heise acting as an agent, servant and employee of the other defendants. The action against Dr. Seimers as principal and under a respondeat superior theory is inextricably linked to the plain-

tiffs' claim against Dr. Heise and cannot be separated into an independent unit which may be individually and finally disposed. Where one claim is asserted against several defendants, a final judgment is one that disposes of all issues as to all parties. *Wicker v. Knox Glass Associates,* 242 S.W.2d 566, 571 (Mo.1951). Claims are not for review upon appeal piecemeal or in detached portions. *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597, 599 (1953).

We conclude that the trial court erred as a matter of law in designating its order as final and appealable and therefore do not reach the question whether it abused its discretion.

The appeal is dismissed as premature.

PUDLOWSKI, P.J., and GAERTNER, J., concur.