Leo J. CHRISTESON and LJC Enterprises, Inc., a Missouri corporation, Plaintiffs-Respondents,

v.

Charles R. BURBA, Fiber Unique Company, Inc., a corporation, and Leonard Hough, Jr., Sheriff, Bates County, Missouri, Acting Trustee, Defendant-Appellant.

No. 13795.

Missouri Court of Appeals, Southern District, Division One.

July 9, 1985.

James Endicott, Michael L. McDorman, Versailles, for defendant-appellant.

Gene A. Hilton, Hilton and Bennett, Camdenton, for plaintiffs-respondents.

PER CURIAM.

Plaintiffs Leo J. Christeson and LJC Enterprises, Inc., brought this action against defendants Charles R. Burba, Leonard Hough, Sheriff of Bates County, Missouri (as trustee in a deed of trust), and James Dean Ridgeway, Patricia J. Burba, Charles R. Burba and Irvin B. Huske, Jr., statutory trustees for Fiber Unique Co., Inc., a corporation. The first amended petition was in three counts. Count I and Count II were directed against defendants Charles R. Burba and Sheriff Hough. Both Count I and Count II sought cancellation of a promissory note (Exhibit A) dated December 16, 1980, executed by the individual plaintiff and delivered to defendant Charles R. Burba. Both Count I and Count II also sought cancellation of the deed of trust.

Count III was directed against Burba, Sheriff Hough and the four statutory trustees. Count III also alleged the execution and delivery of Exhibit A to defendant Charles R. Burba on December 16, 1980, and further alleged that on the same date Fiber Unique Co., Inc., executed and delivered to plaintiff Leo J. Christeson and his wife a promissory note (Exhibit C) in an amount equal to the amount of the note plaintiff had given to Burba. Count III sought an accounting of "all monies received" by Fiber Unique Co., Inc., the appointment of a receiver to take charge of

the assets of that defunct corporation, cancellation of Exhibit A, and other relief.

Rule 81.06 reads, in pertinent part:

"... When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered."

The trial court ordered and held a separate non-jury trial of the issues under Counts I and II and entered a judgment in favor of the plaintiffs and against the two defendants against whom Count I and Count II were directed. The trial court did not, in that judgment, specifically designate it as a final judgment for purposes of appeal.

This appeal must be dismissed as premature for the reason that the trial court, in the judgment entered, did not specifically designate the judgment on Count I and Count II as a final judgment for purposes of appeal. It is unnecessary to consider whether the judgment would have been appealable if it had included such a designation. See *Payan v. Heise,* 688 S.W.2d 403, 404–405 (Mo.App.1985); *Harris v. Union Elec. Co.,* 685 S.W.2d 607, 610[6] (Mo. App.1985); *Greening v. Klamen,* 683 S.W.2d 298, 300 (Mo.App.1984); *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793–794 (Mo.App.1983).

Appeal dismissed.

All concur.