**Mary Ann PETERSEN and Lawrence Petersen, Plaintiffs-Appellants,**

**v.**

**Elliott FARBERMAN, Warren Wimmer, Raymond Hellweg, Pediatric Assoc. Inc., Edward Wolfe, Dermatological Services of St. Louis, Inc., Bruce Hookerman, Dermatology Specialists Inc., & Christian Hospital Northeast-Northwest, Defendants-Respondents.**

**No. 49106.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Richard C. Witzel, St. Louis, for plaintiffs-appellants.

Kemper Coffelt, Clayton, Joseph Kortenhof, William Davis, St. Louis, Clyde Farris, Jr., Clayton, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

Appellants are the natural parents of Matthew Petersen. Respondents are health care providers including three pediatricians, two dermatologists, three medical corporations owned in part or whole by said respondents and a hospital.

On November 14, 1983, Matthew Petersen, through his next friend, and appellants Mr. and Mrs. Petersen filed lawsuits for money damages alleging personal injury and medical expenses incurred due to the negligence of respondents. Matthew Petersen alleged, inter alia, negligent misdiagnosis of his kidney disease by the respondents, and requested damages for past and future injuries. Mrs. Petersen, who donated a kidney for transplantation into her son, claimed that such a transplant would not have been necessary except for the

alleged negligent diagnosis and treatment of her son by the respondent. For her cause of action, Mary Ann Petersen asserted respondents' medical negligence was the proximate cause for her pain, shortened life expectancy, expenses resulting from the loss of one kidney and surgical transplant procedures and sought to recover under the rescue doctrine. Appellant Lawrence Petersen's claim incorporated these facts and requested compensation for loss of consortium and medical expenditures made on behalf of his son, Matthew.

On December 16, 1983, and January 3, 1984, several of the respondents moved to strike or dismiss all claims of appellant Mary Ann Petersen, and those claims of appellant Lawrence Petersen derivative thereof, for failure to state a claim upon which relief may be granted. Those motions were granted on June 18, 1984. On July 11, 1984, the remaining respondents moved to dismiss appellants' claims on a similar basis, and those motions were granted on August 23, 1984. The trial court held that the rescue doctrine did not apply to the present situation and denied the claim of appellant, Mrs. Petersen, as well as the derivative claim of her husband, for loss of consortium. On August 23, 1984 the court also certified the above orders as final for the purpose of appeal. On August 30, 1984, the appellants filed their notice of appeal.

Appellants present intriguing questions never before addressed by an appellate court in Missouri. However, the gravamen of the case before us preliminarily rests on whether appellants, at this time, even have the right to present these questions before us. Our primary inquiry is whether the trial court's dismissal of appellants' counts and designation of such orders as final for the purposes of appeal, are in fact ripe for review? We hold the answer to be no, and dismiss the appeal before us.

■ Any party aggrieved by a final judgment in a case may take an appeal

under Section 512.020 RSMo 1978. The finality requirement is jurisdictional and may not be waived. This court must determine *sua sponte* whether the trial court rendered a final appealable judgment. If the finality requirement is lacking, we must dismiss the appeal. *Greening v. Klamen,* 683 S.W.2d 298, 300 (Mo.App.1984) citing, *Haley v. City of Linn Creek,* 583 S.W.2d 590, 591 (Mo.App.1979).

■ For a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for future determination. 683 S.W.2d at 300; *State v. Mahon,* 350 S.W.2d 111, (Mo. App.1961). An exception can exist where the trial court has specifically designated the particular judgment or order as final for purposes of appeal. 683 S.W.2d at 300. *See also State ex rel. Schweitzer v. Green,* 438 S.W.2d 229 (Mo. banc 1969). However, a trial court's designation of an order as appealable in and of itself does not necessarily make it so. Our Supreme Court, has not hesitated to look beyond a trial court's designation in determining issues of finality. [*State ex rel. State Highway Commission v. Armacost Motors, Inc.,* 502 S.W.2d 330 (Mo.1973)].

■ Supreme Court Rule 81.06 governs our determination concerning whether the order of the trial court is a final judgment. Rule 81.06 states in part:

When a separate trial is had before the court without a jury[1] of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal ... *unless specifically so designated* by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an *entirely separate and independent claim* unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal ... unless the court orders it

---

**1.** We recognize that the dismissal of a petition for failure to state a claim on which relief can be granted is equivalent to a "separate trial

before the court without a jury within the meaning of Rule 81.06." *State ex rel. Ashcroft v. Gibbar,* 575 S.W.2d 924, 927 (Mo.App.1978).

entered as an interlocutory judgment.... (emphasis added).

 For Rule 81.06 to apply, the matters disposed of must not be dependent in any respect upon the outcome or final disposition of any issue left undetermined in the case, and the order must not provide that it be interlocutory. 683 S.W.2d 298; *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924 (Mo.App.1978). The trial court in the case at bar specifically designated the orders in issue final for purposes of appeal. The test therefore is one of dependency. 683 S.W.2d at 300. All of the counts in the case before us arose from the same transaction or occurrence, that is the alleged malpractice of respondents. Any relief appellants are entitled to inherently depends on the outcome of the remaining allegation that respondents were negligent in diagnosing Matthew Petersen's kidney disease. Thus, under the Supreme Court Rule and the case law of Missouri, the remaining counts are not final for this appeal. Accordingly, we lack jurisdiction to consider any of the merits of the appeal and dismiss.

Appeal dismissed.

GAERTNER and KAROHL, JJ., concur.