STATE HIGHWAY COMMISSION OF MISSOURI, N/K/A Missouri Highway and Transportation Commission, Plaintiff-Appellant,

v.

James KEELEY and Pepsi-Cola Bottling Company of St. Louis Inc., Defendants-Respondents.

No. 49317.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 27, 1985.

Dan Pritchard, Jefferson City, for plaintiff-appellant.

Joseph H. Mueller, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from the decision of the trial court dismissing appellant's cause of action against defendant-respondent, Pepsi-Cola Bottling Company of St. Louis, Inc.

Defendant-respondent, Pepsi-Cola Bottling Company of St. Louis, Inc., employed defendant James Keeley as a maintenance supervisor. In this capacity, Keeley's responsibilities included the maintenance of production line equipment and the direction of personnel. His duties did not include any repair or maintenance on automobiles.

On September 17, 1977, Leonard E. Richardson; vice president and director of operation of Pepsi, permitted Keeley to "tune-Up" his 1974 Chevrolet Impala. Pepsi owned this vehicle and assigned it to Richardson for his personal use. Keeley did not receive any compensation for performing the tune-up.

Later that day, while driving the Impala, Keeley was involved in an accident. Severe damage resulted to a bridge owned by appellant, the Missouri Highway and Transportation Commission. The estimated damage was $1,069,566.70.

On December 14, 1979, appellant brought suit for repair of the bridge naming Keeley and Pepsi as defendants. On June 25, 1984, Pepsi filed a motion for summary judgment dismissing appellant's cause of action on the grounds that Keeley was not acting as an employee, agent, representative or servant of Pepsi at the time of the accident. On September 26, 1984, the trial court sustained Pepsi's motion for summary judgment and dismissed Pepsi from the cause of action. The court designated the order final for purposes of appeal.

The determinative question before us is whether the trial court's order granting Pepsi's motion for summary judgment is a final appealable order.

Supreme Court Rule 81.06 governs our determination. Rule 81.06 states in part:

... when a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal ..., unless specifically so designated by the court in the judgment entered.

■■■ Although the trial court may designate an order as final for purposes of appeal, its designation is not binding on this court. *Redeker v. Bradbury*, 680 S.W.2d 403, 405 (Mo.App.1984). We have a duty to inquire *sua sponte* whether the trial court's order is really a final appealable judgment. *Payan v. Heise*, 688 S.W.2d 403, 404 (Mo.App.1985). We look not to the label applied by the trial court but to the content, substance, and effect of the order entered. *Id.* Its designation is effective as final only if the claims and the parties separated and the result adjudged constitute an independent unit which finally disposes of the claims and parties within the unit. *Id.; Luecke v. Missouri Department of Conservation*, 674 S.W.2d 691, 692 (Mo. App.1984). If the remaining claims are independent of the outcome of the judgment rendered, the judgment is final for purposes of appeal. *Greening v. Klamen*, 683 S.W.2d 298, 300 (Mo.App.1984); *Crenshaw v. Great Central Insurance Company*, 527 S.W.2d 1, 3 (Mo.App.1975). *Contra Redeker*, 680 S.W.2d at 405; *Shell v. Shell*, 605 S.W.2d 185, 191 (Mo.App.1980).[1]

■■■ In the present case, the trial court's order granting summary judgment on Pepsi's motion is not final for purposes of appeal. The instant action arose from the same transaction or occurrence, *i.e.,* Keeley's allegedly negligent operation of Pepsi's car. Indeed, appellant's petition included only one count, not separate and individual counts against Pepsi and Keeley, and its allegations of Keeley's negligence; his status as Pepsi's agent, servant, and employee; and Pepsi's status as Keeley's employer and owner of the car are "inextricably linked" together. *Payan*, 688 S.W.2d at 404–405. Accordingly, appellant's action against Pepsi as Keeley's employer under a respondeat superior theory cannot be separated from its action against Keeley into an independent unit which may be individually and finally disposed. *Id.* Where one claim is asserted against several defendants, a judgment as to one defendant does not constitute a final appealable judgment unless it disposes of all the issues to all the parties. *Id.* at 405; *See also Massey v. Hamilton*, 564 S.W.2d 618 (Mo. App.1978) (Summary judgment in favor of alleged employer is not a final appealable order in a personal injury action against a truck driver and his alleged employer).

The trial court's grant of summary judgment is not final for purposes of appeal.

Appeal dismissed as premature.

CARL R. GAERTNER and KAROHL, JJ., concur.

---

1. For a study of the vexatious question of finality for purpose of appeal, *see* Comment, *Problems of Finality of Judgments for Purposes of Appeal in Missouri,* 44 Mo.L.Rev. 727 (1979).