Susan **MARKHAM** (now Thurman) and
Rebecca Narsh, Plaintiffs-Appellants,

v.

George **MEDLIN**, Terrence Brogan,
Thomas Kwiatowski & Allstate
Insurance, Defendants-Respondents.

No. 49077.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 24, 1985.

Raymond A. Bruntrager, Bruntrager,
Bruntrager & Billings, St. Louis, for plaintiffs-appellants.

Godfrey, Vandover & Burns, Inc., Samuel T. Vandover, St. Louis, for defendants-respondents.

KAROHL, Judge.

Plaintiffs, Rebecca Narsh and Susan Markham, now Thurman, were injured in an automobile collision between a car operated by Lawrence Lavo in which they were passengers and defendant Thomas Kwiatowski's car in which defendants George Medlin and Terrence Brogan were found at the scene of the accident. Plaintiffs brought suit against defendants Medlin, Brogan, Kwiatowski, and Allstate Insurance Company in five counts. Count I alleged Medlin negligently operated Kwiatowski's automobile and caused the collision. Medlin died before the trial and a guardian ad litem was appointed to serve as Medlin's legal representative. Count II alleged defendant Kwiatowski negligently entrusted his automobile to defendant Medlin. Count III alleged defendant Brogan negligently operated Kwiatowski's vehicle causing the collision. Count IV alleged defendant Kwiatowski negligently entrusted his automobile to defendant Brogan who thereafter negligently allowed the keys to remain in the ignition of the automobile with the motor running at a place where other persons under the influence of alcohol were present, could take, and negligently operate the vehicle. Count IV also alleges defendant Brogan negligently entrusted the automobile to defendant Medlin. The final count was directed at defendant Allstate Insurance Company as the carrier whose policy contained uninsured motorist

coverage for the car in which plaintiffs were passengers. Plaintiffs anticipated that it would not be possible to offer direct evidence whether the driver was Medlin or Brogan, and the separate Counts were pleaded in the alternative.

At a pretrial conference in chambers the trial court sustained a motion to bar defendant Allstate Insurance Company from participating in the trial on the ground that Allstate had settled with plaintiffs and had no active interest in the trial. The trial court expressly ruled that its decision did not affect or demean a possible subrogation claim by Allstate Insurance Company against plaintiffs. At the close of all the evidence the trial court sustained defendant Brogan's motion for a directed verdict. Plaintiffs appeal claiming the evidence made a submissible case of negligent driving or negligent entrustment.

Although the finality of judgment has not been questioned by any party to this appeal, we have a duty to inquire and determine sua sponte whether a final appealable judgment has been rendered by the trial court. *Payan By & Through Payan v. Heise*, 688 S.W.2d 403, 404 (Mo. App.1985). A final and appealable judgment must dispose of all parties and all issues in the case leaving nothing for future determination unless the trial court has ordered a separate trial of any claim or issue or has specifically designated the particular judgment as a final judgment for purposes of appeal. *Afshari Enterprises, Inc. v. Venz*, 689 S.W.2d 846, 847 (Mo.App. 1985). When claims arise out of the same transaction or occurrences a non-jury judgment entered on only some of those claims is not final unless so designated. *Chubb Group of Insurance v. C.F. Murphy & Associates*, 656 S.W.2d 766, 772 (Mo.App. 1983).

The directed verdict was granted in favor of defendant Brogan only. The trial court's order did not adjudge the rights of defendants Medlin or Kwiatowski. The claims against defendants Medlin and Allstate were not dismissed of record and we cannot be certain that the intention to dis-

miss remained firm or that the intentions survived the trial against Brogan only. From the record we find the judgment disposes of the claim against defendant Brogan only, the judgment is not final and appealable, and therefore we lack jurisdiction to decide the appeal.

The appeal is dismissed as premature.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.