Betty LUSHENKO,
Plaintiff-Respondent,

v.

Ronald LUSHENKO,
Defendant-Appellant.

No. 14546.

Missouri Court of Appeals,
Southern District,
Division Two.

March 19, 1987.

Albert D. Johnston, Johnston & Carlton, Carthage, for defendant-appellant.

John A. Lewright, Cassville, for plaintiff-respondent.

HOGAN, Judge.

Plaintiff Betty Lushenko filed a two-count petition seeking: (1) the partition of certain real property allegedly held by her and defendant Ronald Lushenko as tenants in common, and (2) recovery of $240,000 as compensation for labor performed. De-fendant filed a responsive pleading which appears to have been drawn pro se. Sun-dry matters were averred in this responsive pleading, including a request for reforma-tion of certain deeds conveying the proper-ty sought to be partitioned. Various grounds for reformation were alleged.

Count II of the plaintiff's petition was dismissed prior to trial. The trial court disqualified itself and—apparently—anoth-er judge was assigned to hear the case by our Supreme Court pursuant to Rule 51.07. The defendant filed a written request for a jury trial, which was denied as to the parti-tion.

The cause finally came on for hearing on June 3, 1985. Evidence, including many exhibits, was received. Near the end of the trial, the court inquired if defendant had anything further to present. Defend-ant replied: "Boy, a counterclaim." The court's reply was:

"Oh, we're proceeding just on the parti-tion, as I explained to you. I wrote you a month or six weeks ago and said we were going to deal with only the partition suit today. We'll get to your counter-claim. You want a jury trial on it and we're going to give you a jury trial some time in the future."

Although we find no notation or written order for separate trials of plaintiff's claim for partition and defendant's counterclaim for reformation, the trial court did, in ef-fect, sever those claims. The partition has been completed. Defendant has appealed.

█ In this court, the defendant has briefed several assignments of error, in-cluding a contention that he was entitled to a jury trial on issues involving the title to the real property sought to be partitioned. This contention, among others, may be well taken, *Gunn v. Thruston*, 130 Mo. 339, 348, 32 S.W. 654, 656[4] (1895), but we cannot pass on the assignment because no judgment has been entered from which an appeal will lie. The right of appeal is pure-ly statutory and cannot be broadened by a procedural rule. *State ex rel. State High-way Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 332 (Mo.1973). We

have a duty, sua sponte, to determine whether a final, appealable judgment has been rendered by the trial court. *Markham v. Medlin,* 698 S.W.2d 54, 55[1–3] (Mo.App.1985); *Greening v. Klamen,* 683 S.W.2d 298, 300[2, 3] (Mo.App.1984).

Of course, Rule 66.02 permits a trial court to order a separate trial of "any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues," and in part Rule 81.06 states that:

> "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered *shall not* be deemed a final judgment for purposes of appeal ... *unless* specifically so designated by the court in the judgment entered." (Our emphasis.)

In the case at hand, the trial court did not designate the judgment in partition as a final and appealable judgment, but if it had done so, its order would not have been dispositive. Plaintiff's right to partition and defendant's counterclaim were dependent claims, and in order for a partial disposition of a claim to be a proper subject for appellate review, it must constitute a distinct "'judicial unit'; that is, a judgment which terminates the action with respect to the claim adjudged." *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793[1] (Mo.App.1983). Or, as the same principle has been put more recently, a trial court's designation of a separately tried claim as a final judgment is effective only if the claims and the parties separated and the result adjudged constitute an independent unit which finally disposes of the claims and the parties within the unit. *State Highway Commission of Missouri v. Keeley,* 696 S.W.2d 865, 867 (Mo.App.1985). The trial court's order in this case disposes of the plaintiff's right to partition only if the allegations of the counterclaim are untrue. It does not terminate the action with respect to the claim ad-

judged and therefore does not constitute a final judgment. The appeal is dismissed.

PREWITT, P.J., SMITH, GAERTNER and BERREY, Special Judges.