Matthew PETERSEN, Mary Ann
Petersen, and Lawrence
Petersen, Appellants,

v.

Elliott FARBERMAN, M.D.; Warren
Wimmer, M.D.; Raymond Hellweg,
M.D.; Pediatric Associates, Inc.; Ed-
ward Wolfe, M.D.; Dermatological Ser-
vices of St. Louis, Inc.; Bruce Hooker-
man, M.D.; Dermatology Specialists,
Inc.; and Christian Hospital Northeast-
Northwest, Respondents.

No. 52374.

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 18, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Witzel & Kearns, Richard C. Witzel, St. Louis, for appellants.

Kortenhof & Ely, St. Louis, for Farberman, Wimmer, Hellweg and Pediatric.

Mary Jane Schweitzer, Moser, Marsalek, Carpenter, Cleary, Jaeckl & Keaney, St. Louis, for Hookerman, Wolfe, Dermatological and Dermatology.

Kemper R. Coffelt, Clayton, for Hospitals.

CRIST, Judge.

Matthew Petersen (son) and appellants (mother and father) filed a medical malpractice suit against five doctors, three

medical corporations and a hospital. The trial court dismissed claims of mother and father. We dismissed mother and father's appeal. *Petersen v. Farberman,* 698 S.W.2d 554 (Mo.App.1985). Son and father then voluntarily dismissed their remaining claims without prejudice. Mother and father once again appeal the dismissal of their claims. We affirm.

On June 18, 1984 and August 23, 1984, the trial court dismissed all claims of mother and those claims of father dependent thereon for failure to state a claim upon which relief may be granted. The trial court designated those dismissals as final for the purpose of appeal. Two years later, on August 6, 1986, we dismissed father and mother's appeal on the ground the claims of mother and father were dependent upon son's suit then pending in circuit court. *Petersen,* 698 S.W.2d at 557[9] (Mo. App.1985). On remand to the circuit court, son dismissed all of his claims without prejudice. Likewise, father dismissed his remaining claims without prejudice. After the voluntary dismissals the trial court did not enter a new judgment; there was no order or judgment making reference to the 1984 judgments or orders. On November 3, 1986, mother and father filed a new notice of appeal. Defendants urge us to again dismiss for lack of finality. We decline to do so by reason of *Speck v. Union Electric Co.,* 731 S.W.2d 16 (Mo. banc 1987).

In the action son voluntarily dismissed, he alleged malpractice in respondents' failure to diagnose and treat his kidney disfunction, thus requiring him to have a kidney transplant. Mother was the donor for son's kidney transplant. Mother alleged she donated her kidney to son in an attempt to save his life, and the transplant would not have been necessary but for respondents' negligence. Asserting she acted to rescue son, mother sought relief under the rescue doctrine for her pain, shortened life expectancy, expenses resulting from the transplant procedure as well as the loss of a kidney. Mother also claimed, but not in a separate count, damages for the loss of services of son. Based on mother's claims father brought suit for loss of consortium.

On appeal, mother and father assert the trial court erred in dismissing mother's rescue doctrine claim, in dismissing mother's claim for loss of services of son, and in dismissing father's loss of consortium claim. In reviewing a dismissal for failure to state a claim upon which relief may be granted, we determine whether a ground for relief had been stated under substantive principals of law giving the pleadings their broadest meaning and construing the allegations in a light favorable to the plaintiffs. *Lowrey v. Horvath,* 689 S.W.2d 625, 626[1] (Mo. banc 1985). To state a claim for relief under the rescue doctrine mother had to plead: (1) there was someone in peril, (2) the situation was such as to clearly convince plaintiff that human life or limb was in peril, (3) plaintiff acted from "humanity's sake" to rescue the person from peril, and (4) plaintiff's conduct was that of an ordinary prudent man under the circumstances. *McConnell v. Pic-Walsh Freight Co.,* 432 S.W.2d 292, 299–300 (Mo.1968).

The rescue doctrine has been accepted in Missouri for a long time, and was recently expanded to include the situation where the object of the rescue was responsible for putting himself in the situation necessitating his rescue. *Lowrey,* 689 S.W.2d at 628 [5]. This, however, is the first time a Missouri court has been faced with an organ transplant as a rescue. In fact it appears only the New York State Courts have been confronted with this issue, and in both cases the courts denied relief. *Moore v. Shah,* 90 A.D.2d 389, 458 N.Y.S.2d 33 (N.Y.App.Div.1982); *Sirianni v. Anna,* 55 Misc.2d 553, 285 N.Y.S.2d 709 (N.Y.Sup.Ct.1967).

In *Sirianni,* the trial court granted defendant-physicians' motions to dismiss the claim of a mother who donated a kidney to her son. The son's kidney problems were allegedly caused by defendants' negligence. The *Sirianni* court reasoned the mother's donation of her kidney was "wilful, intentional, voluntary, free from accident and with full knowledge of its consequences,"

and the rescue doctrine excludes recovery for a wilful act. 285 N.Y.S.2d at 712.

In *Moore*, a son donated a kidney to his father. A New York appellate court affirmed the trial court's dismissal of the action, declining to create a new remedy. The court based its decision on the defendant-physician's lack of duty to the kidney donor. The court reasoned a physician does not have "the responsibility to foresee each and every person other than his patient who might conceivably be affected by his negligence." 458 N.Y.S.2d at 34–35.

The *Sirianni* and *Moore* courts gave public policy rationales for their holdings. We agree with the reasoning in the New York cases. Mother's decision to donate a kidney to her son was certainly laudable, but it does not fall within the purpose of the rescue doctrine. The rescue doctrine protects a plaintiff, who sees an emergency situation and, out of humanitarian motives, acts to rescue the person who is in danger. *McConnell*, 432 S.W.2d at 299[13].

Mother's request for compensation for damages resulting from the loss of her son's services is presented as part of her damages in paragraph four of Count X, and is incorporated by reference in each of the additional counts in which she is the plaintiff. Paragraph four states "[a]s a direct and proximate result of the negligence of Defendants ... and loss of her kidney," mother suffered specified damages. Those damages included having "lost and in the future will lose the services of her son." This paragraph sets out mother's alleged damages not her causes of action. Even if mother was stating a cause of action for loss of services Rule 55.11 requires "[e]ach claim ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." Mother's claim for loss of services was buried in a twenty-one line paragraph; it should have been set out as a separate count. The point is denied.

Their third point asserts error in the dismissal of father's dependent claims. Since the dismissal of mother's claims was proper, we also find father's dependent claims were properly dismissed.

Respondent's motion to dismiss the appeal is denied. Judgment affirmed.

SATZ, P.J., concurs in result.

KELLY, J., concurs.