b GRISBAUM, Chief Judge.

INTRODUCTION

Plaintiffs, David and Michelle Dabdoub, filed suit against Ochsner Medical Clinic, Alton Ochsner Medical Foundation, Dr. Marie Delvalle-Mahoney, and Dr. Beth O’Neill for damages arising out their negligent treatment of their daughter, Lauren. This appeal arises from the trial court’s judgment sustaining defendants’ peremptory exception of no cause of action and no right of action and dismissing plaintiffs’ claims. This appeal presents an issue of first impression in Louisiana. We affirm.

ISSUE

The res nova issue presented is whether an organ donor has a cause of action arising out of doctors’ alleged negligence in relation to the donee in an organ transplant situation.

FACTS AND PROCEDURAL HISTORY

In April 1992, Lauren Dabdoub suffered from a kidney infection and was hospitalized at Ochsner Clinic. Doctors discovered that Lauren had only one kidney. | gAfter her discharge, tests were done that indicated her kidney function was improving and performing at ninety percent.
Dr. Beth O’Neill, a pediatric primary care physician, treated Lauren regularly for approximately the next six years. Lauren’s medical records revealed that her periodic urinalysis showed an abnormally high protein spillage. Despite this, blood tests were not done, her blood pressure was not monitored, and her parents were not informed of this abnormality.
In June 1997, Dr. Marie Delvalle-Maho-ney began treating Lauren. She prescribed Lauren tetracycline for acne and Duracef for the side effects caused by the tetracycline. It was later discovered that *653 these antibiotics are harmful to a patient who has kidneys with impaired function. These antibiotics allegedly caused irreparable damage to Lauren’s only kidney and her need for a kidney transplant.
In February 1998, Dr. Delvalle-Maho-ney treated Lauren for a sore throat. She took a throat culture and Lauren’s blood pressure. Because it was high, Mrs. Michelle Dabdoub, Lauren’s mother, asked if Lauren having only one kidney could be the cause. Dr. Delvalle-Mahoney immediately ordered a blood test which revealed elevated blood urea nitrogen (BUN), crea-tinine, and anemia, all symptoms of kidney failure. A nephrologist confirmed this and immediately evaluated her for a kidney transplant.
Instead of waiting for an acceptable donor, Mr. David Dabdoub, Lauren’s father, was evaluated as a donor. Tests revealed he was a perfect match. Less than four months later, one of Mr. Dabdoub’s kidney’s was removed and implanted into Lauren.
In addition to the lawsuit on Lauren’s behalf, the Dabdoubs filed a petition against Ochsner Clinic, Alton Ochsner Medical Foundation, Dr. Delvalle-Maho-ney and Dr. O’Neil. In summary, the petition alleges that the defendants’ negligent treatment of the Dabdoubs’ daughter required Mr. Dabdoub to donate one of his kidneys to her and that he is entitled to damages resulting from the loss of one of his kidneys. In addition, Mrs. Dabdoub seeks damages for loss of consortium. Defendants filed a peremptory exception of no cause of action and no right of action, both of which the trial court sustained, and dismissed Mr. and Mrs. Dabdoubs’ claims against the defendants with prejudice. Mr. and Mrs. Dabdoub appeal this judgment.

J£AW

An appellate court reviews a trial court’s ruling sustaining an exception of no cause of action de novo. Taylor v. Shoney’s, Inc., 98-810 (La.App. 5th Cir. 1/26/99), 726 So.2d 519. The purpose of this exception is to determine whether the law affords the plaintiff a remedy under the facts alleged in his petition. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. In considering the exception, all reasonable inferences are made in favor of the non-moving party and all well-pleaded facts in the petition are accepted as true. Id. The moving party has the burden of showing that the plaintiff has not stated a cause of action. Id. The exception of no right of action questions “whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged.” Zar v. Gaudet, 94-533, p. 2 (La.App. 5th Cir. 12/14/94), 648 So.2d 1012, 1013. The main difference between the exception of no cause of action and no right of action is that evidence may be introduced in the latter. Id. Our issue here is whether Mr. and Mrs. Dabdoub’s petition filed against the defendants states a valid cause of action for which the law affords a remedy. Because we find the appellants fail to state a cause of action, it is unnecessary for us to address the exception of no right of action.
In 1967, the New York Supreme Court addressed a case in which a mother had donated one of her kidneys to her son because doctors had negligently removed both of her son’s kidneys and he was dying. Sirianni v. Anna, 55 Misc.2d 553, 285 N.Y.S.2d 709 (1967). She asserted a cause of action, under the rescue doctrine, against the doctors who negligently treated her son, for the damages she suffered as a result of donating one of her kidneys to her son. The court found that the mother did not have a cause of action against the doctors because their negligence “came to rest upon the body of Carl *654 Sirianni [her son]” and not her. Sirianni, 285 N.Y.S.2d at 712. They also reasoned that the plaintiffs act was premeditated, voluntary, and purposeful, with full knowledge of its consequences. Id. Thus, they found that it did not extend or reactivate the negligence of the defendants to her. Id.
In 1982, a New York Appellate Court addressed the issue of whether a kidney donor (donee’s son) had a cause of action against the doctor whose negligent | ¿diagnosis and treatment caused the father’s kidney failure, thus necessitating transplantation. Moore v. Shah, 90 A.D.2d 389, 458 N.Y.S.2d 33 (1982). The court found that since the plaintiff was never the defendant’s patient, the defendant did not have a duty to him. Id. In addition, they declined to extend a physician’s liability to persons other than patients who may conceivably be affected by the physician’s negligence. Id. They stated that “[w]hile a court might impose a legal duty where none existed before * * * such an imposition must be exercised with extreme care * * *.” Moore, 458 N.Y.S.2d at 35. (citations omitted)
Appeals courts in Arizona, Michigan, and Missouri have also held that a kidney donor does not have a cause of action against the physicians whose negligent treatment of a patient made a transplant necessary. See Petersen v. Farberman, 736 S.W.2d 441 (Mo.Ct.App.1987); Malik v. William Beaumont Hospital, 168 Mich.App. 159, 423 N.W.2d 920 (1987); Ornelas v. Fry, 151 Ariz. 324, 727 P.2d 819 (1986). All three of these cases involved plaintiffs who donated a kidney to either a child or a sibling. Each of these courts also focused on the fact that the donor donated his or her kidney voluntarily with full knowledge of the consequences and that there was no doctor-patient relationship between the donor and the doctor who allegedly negligently treated the donee.

ANALYSIS

We now address the issue presented. For these defendants to be liable to Mr. Dabdoub for his damages, the law must impose a duty upon the defendants to him, a breach of that duty must occur, and that breach must be a cause in fact of his damages. Pitre v. Opelousas General Hosp., 530 So.2d 1151 (La.1988). In determining whether a duty exists, we ask: “was the defendant under a duty to protect each of the plaintiffs interests affected against the type of damage that did in fact occur?” Id. at 1155. We must consider the public policy issues at stake and how far the original obligation should be extended. Id.
Mr. Dabdoub was never a patient of the defendants; thus, there was never a doctor-patient relationship from which a duty would arise. We conclude that the law does not impose upon doctors, in this situation, a duty to non-patients. We find that | Sthese facts and circumstances do not present a situation in which we should extend a physician’s duty beyond that owed to his patient. Mr. Dabdoub analogizes the psychiatrist’s duty, to take reasonable precautions or to warn a third person when a patient has threatened physical violence on that person and has the intent and ability to carry out that threat, to this situation here. La. R.S. 9:2800.2. This duty, however, was legislatively created; whereas, here, we would have to create one by extending a physician’s duty beyond that owed to his patient. Moreover, in the above situation, the victim is completely unaware of the harm; whereas, here, Mr. Dabdoub voluntarily assumed the harm, the loss of his kidney, with full knowledge of the consequences that would follow.
Mr. Dabdoub argues that we should allow this cause of action to proceed even though the law does not specifically pro *655 vide a remedy as was done in Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990). We do not find Lejeune analogous to this situation. The plaintiff in Lejeune unknowingly came upon her husband after he had been bitten by rats. The court found that the plaintiff had a cause of action for negligent infliction of emotional distress. Here, the plaintiff voluntarily and knowingly chose to suffer physical harm by donating his kidney to his daughter. Moreover, the supreme court noted in Lejeune that: “[a] defendant cannot be expected to be liable to virtually everyone who may suffer in any manner from his negligent conduct. The law must place some reasonable limit to liability by ascertaining or defining the scope of the duty owed by the defendant.” 556 So.2d at 569. Besides the fact that no duty exists between the parties, we do not believe these defendants’ alleged negligence caused this plaintiffs harm. Accordingly, we find the plaintiffs have no right of action.
For the reasons assigned, we affirm the trial court’s judgment. Each party shall bear his own costs of this appeal.

AFFIRMED.