**Donald R. MILLER and Karen M. Miller, Plaintiffs–Respondents,**

**v.**

**Jimmie C. MILLER, William E. Miller, And Any and All Heirs and Assigns, Known or Unknown In being or not in being, Defendants–Appellants.**

**No. 24073.**

Missouri Court of Appeals, Southern District, Division Two.

May 2, 2002.

889

James McClellan, Sikeston, attorney for appellants.

John L. Mautino, Buerkle, Beeson, Ludwig, and Boner, L.C., Jackson, attorney for respondents.

NANCY STEFFEN RAHMEYER, Judge.

Jimmie C. Miller and William E. Miller ("Appellants") appeal from an interlocutory judgment ordering a partition and sale of certain real property. They raise three points on appeal. Donald R. Miller and Karen M. Miller ("Respondents" or "Respondent" when referring to Donald R. Miller individually) filed a motion to dismiss the appeal, contending that the interlocutory judgment and order is not a final, appealable judgment. We disagree; however, we find no reversible error and affirm.

Appellants and Respondent are brothers. The evidence indicates that on February 5, 1981, their father, Donald C. Miller ("Father"), and his wife executed and caused to be recorded a general warranty deed for property located in Chafee, Missouri, which reserved for themselves a life estate with the remainder in fee designated to Appellants and Respondent as tenants in common. On December 13, 1999, Father, whose wife had since passed away, purportedly executed a quitclaim deed by which he transferred his life estate to Appellants and Respondent in equal parts, as tenants in common. This deed was recorded on January 18, 2000 in Scott County.

On that same date, Respondents filed a petition for partition of the property alleging that Appellants individually and Respondents jointly owned a one-third interest in the real property.[1] Respondents asked the trial court to determine that they and Appellants were equal co-owners of the property and to order a partition of the property by sale. In February 2000, Appellants filed a motion to dismiss, alleging that Father was the owner of the property, and that they and Respondent only held a remainder interest pursuant to the February 1981 deed. They also filed a counterclaim charging that Respondents misappropriated and converted some of Appellants' personal property that was

---

1. According to the petition, Karen M. Miller was listed as a plaintiff along with Respondent because, as Respondent's wife, she might have interest in the property. Whether the interest belongs to Respondent or Respondents, there was no allegation that such interest exceeded one-third.

stored in the residence on the property. In June 2000, Respondents filed a motion to enforce status quo pending trial, asking the trial court, in part, to order that the property remain unoccupied.[2] On August 25, 2000, the parties mutually agreed to withdraw the motion to dismiss and motion to enforce status quo.[3]

Two other documents are of note to the proceedings. First, a durable power of attorney signed May 12, 1995, was recorded on October 11, 2000 in Bollinger County, Missouri. Within the durable power of attorney, Father appointed his brother and Respondent to act as attorneys-in-fact on his behalf.[4] Second, in an unrecorded quitclaim deed dated December 15, 2000, Respondent and Father's brother, acting as attorneys-in-fact under the durable power of attorney, conveyed Father's interest in the real property to Appellants and Respondent as tenants in common.

A hearing on the matter was held on January 17, 2001. At the hearing, the trial court allowed Appellants to file an answer out of time, which contained two affirmative defenses. One defense was that Father lacked the mental capacity to execute the 1999 deed, and the second defense was that, in the event of a partition, Appellants requested compensation for repairs and improvements they had made to the property. After the completion of Respondents' evidence, Appellants indicated that their only witness was unable to attend the proceedings. According to Appellants, this witness would speak to Father's capacity to execute the December 1999 deed. Appellants asked the trial court to keep the record open and allow them to subpoena Father's medical records related to the capacity issue.[5] The trial court denied Appellants' request to keep the case open.

During the hearing, Appellants objected to the introduction into evidence of the durable power of attorney and the December 2000 unrecorded deed. The objection against the admission of the durable power of attorney was made on relevancy grounds, but no grounds were stated for the objection against the admission of the unrecorded deed. Both objections were overruled.

The trial court issued an interlocutory judgment and order in which it found that Appellants and Respondent [6] were owners

2. According to the motion, Father no longer occupied the property and had been living at Respondent's residence since May 1996. During the hearing, Respondent testified that, subsequent to the filing of the partition action, Appellant Jimmie C. Miller occupied the property.

3. According to the docket entry, only the two motions were withdrawn and not the counterclaim. While not raised as an issue on appeal, we note that even if the counterclaim is pending, that does not affect whether the interlocutory judgment is a final, appealable order in this case. As will be more fully discussed later in this opinion, the right to appeal within a partition action is purely statutory. See First National Bank of Carrollton v. Eucalyptus, 721 S.W.2d 165, 166 (Mo.App. W.D.1986). If the counterclaim and the partition action are not dependent on each other, and each represents a separate claim with non-aggregate sets of facts, an appeal may be taken from the interlocutory partition order. See Lushenko v. Lushenko, 726 S.W.2d 504, 505 (Mo.App. S.D.1987); see also Donnelly v. Donnelly, 951 S.W.2d 650, 652 (Mo.App. E.D. 1997) (court found non-dependent actions in suit for partition and counterclaim for conversion).

4. According to the document, either Father's brother or Respondent also could act in that capacity individually.

5. Appellants had not listed this witness in their answers to interrogatories nor challenged Father's mental capacity until the date of the hearing.

6. The court did not address any issue of Respondent, Karen M. Miller, nor do we, as it is not raised in the appeal.

of the property as tenants in common, each having a one-third interest. The trial court further determined "that due to the nature, uniqueness, and condition of the property[,]" partition in kind could not be accomplished "without great prejudice to the owners." The trial court, therefore, ordered that the property be sold. The trial court further ordered that the proceeds of the sale "be partitioned between the parties according to their respective interests." Lastly, the trial court scheduled an evidentiary hearing on damages and "all other issues relating to the distribution of the proceeds[,]" to take place after the sale of the property. Before the sale itself occurred, Appellants filed this appeal.

In their first point on appeal, Appellants essentially respond to Respondents' motion to dismiss the appeal for lack of appellate jurisdiction. Respondents argue that the appeal is not ripe for our consideration because the trial court's interlocutory judgment and order is not a final, appealable judgment. They contend that the order of the court setting a subsequent hearing on damages and on all other issues relating to the distribution of the proceeds precludes a finding that the interlocutory judgment determined the rights of the parties.

■■■■ "A final, appealable judgment disposes of all parties and all issues in the case, leaving nothing for further determination." *Albright v. Kelley*, 926 S.W.2d 207, 209 (Mo.App. S.D.1996). In the absence of a final judgment, appellate review is generally not appropriate. *Id.* However, "[t]he right of appeal is purely statutory." *Id.* Under § 512.020.6, an interlocutory judgment that orders partition may be appealed prior to the partition sale and the subsequent final order regarding distribu-

tion of the proceeds, if the interlocutory judgment determines the rights of the parties.[7] *Donnelly v. Donnelly*, 951 S.W.2d 650, 652 (Mo.App. E.D.1997).

■■■■ The language in § 512.020.6 regarding the rights of the parties has been interpreted to signify rights or quantum of ownership. *First National Bank of Carrollton v. Eucalyptus*, 721 S.W.2d 165, 167 (Mo.App. W.D.1986). If an interlocutory judgment determines title or quantum of interest in the property being partitioned, that judgment may be appealed. *Id.* at 166. Therefore, "[w]here there is no determination as to the ownership of each of the parties to a partition action, there has been no determination of the rights of the parties." *Albright*, 926 S.W.2d at 210. Further, if there are no issues regarding title or quantum of interest in the property, or the parties only disagree as to whether the property should be partitioned in kind or by sale, the interlocutory judgment may not be appealed. *Unsel v. Meier*, 880 S.W.2d 646, 647 (Mo.App. S.D. 1994).

■■■■ In the instant case, the interlocutory judgment determined title and the rights of Appellants and Respondent to the property. There were issues regarding title and quantum of interest raised at the hearing. Although Appellants did not deny that they had an interest in the property, they maintained that such interest was only the remainder interest that was conveyed to them and Respondent in the February 1981 deed in which Father and his wife reserved a life estate. The judgment also indicated that the proceeds of the sale were to be divided among the parties according to their respective interests. Thus, all of the necessary elements are present to allow the appeal to move forward. Respondents' argument that the

7. All statutory references are to RSMo 2000, unless otherwise indicated.

rights of the parties have not been determined is incorrect. The trial court determined that Appellants and Respondent each held a one-third interest in the property. The subsequent judgment approving the sale and providing for the distribution of the sale proceeds will be a determination of the rights of the parties regarding the proceeds of sale and will be appealable as a final judgment in its own right, and not as an appealable interlocutory judgment pursuant to § 512.020.6. Respondents' motion to dismiss the appeal is denied.

■ In their second point, Appellants claim that the trial court erred and abused its discretion by denying their request to keep the trial record open, to obtain Father's medical records, and to present additional witness testimony regarding Father's alleged incapacity. Respondents' initial contention is that Appellants' point is in violation of Rule 84.04(d) [8] and therefore, does not merit appellate review. They argue that Appellants' point is not in the proper form, that it does not (1) identify the challenged ruling or action; (2) state the legal reasons for the claim of reversible error; and (3) explain why, in the context of the case, those legal reasons support the claim of reversible error. *See Patterson v. Checkett,* 43 S.W.3d 477, 480–81 (Mo.App. S.D.2001). They also argue that the point simply states an abstract statement of law, which does not comply with the rule. *See* Rule 84.04(d)(4).

We agree that Appellants' Point II is woefully inadequate. An ex gratia review indicates no error. Point II is denied.

■ Appellants' third point charges that the trial court erred and abused its discretion by overruling the objection to the introduction of the durable power of attorney and unrecorded December 2000 deed as without foundation, irrelevant, im-

material, and outside the scope of the pleadings. We note both the durable power of attorney and unrecorded deed were admitted into evidence over Appellants' objections; however, only with respect to the durable power of attorney did Appellants give grounds for their objection. Their objection to the admission of the durable power of attorney was based on its alleged irrelevance. However, when the unrecorded deed was offered by Respondents, Appellants' counsel simply stated, "I object to it, Judge." An objection that states no grounds preserves nothing for appellate review; therefore, we deny Point III with respect to the admission of the unrecorded deed. *State v. Burns,* 759 S.W.2d 288, 294 (Mo.App. W.D.1988).

■ As for the admissibility of the durable power of attorney, "[t]he test for relevancy is whether the material offered tends to prove or disprove a fact in issue or corroborates other evidence." *Shop 'N Save Warehouse Foods, Inc. v. Soffer,* 918 S.W.2d 851, 863 (Mo.App. E.D.1996). At the time that the trial court made its decision to allow the durable power of attorney to be admitted into evidence, the trial court was still working under the assumption that the incapacity issue had been raised in the answer as an affirmative defense. Under that assumption, the durable power of attorney was relevant and material to the issues the trial court was asked to determine, including the title and quantum of interest of the property. Point III is denied.

The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

8. All rule references are to Missouri Court Rules 2002, unless otherwise indicated.